**STATE of Minnesota, Respondent,**

**v.**

**Lee Richard HALSETH, Appellant.**

**No. C2–02–543.**

Court of Appeals of Minnesota.

Nov. 26, 2002.

Mike Hatch, Attorney General, St. Paul, MN; and Amy Klobuchar, Hennepin County Attorney, Michael K. Walz, Assistant County Attorney, Minneapolis, MN, for respondent.

John M. Stuart, State Public Defender, Michael F. Cromett, Assistant State Public Defender, Minneapolis, MN, for appellant.

Considered and decided by Kalitowski, Presiding Judge, Klaphake, Judge, and Harten, Judge.

## OPINION

KLAPHAKE, Judge.

After an incident at his apartment on August 26, 2001, appellant Lee Halseth was charged with second-degree assault and terroristic threats. Halseth waived his right to a jury trial. On stipulated facts, the court found him not guilty of assault and guilty of terroristic threats.

On appeal from his conviction, Halseth concedes that he waived his right to a jury trial, but argues that he did not waive the rights attendant to an adversarial trial, including his rights to testify, confront witnesses, and compel the production of witnesses. He argues that defense counsel's statements to the court were insufficient to constitute a waiver and failed to meet the requirements of Minn. R.Crim. P. 26.01, subd. 3, which requires a defendant to waive certain rights personally, either in writing or on record. In a pro se supplemental brief, Halseth raises other issues relating to the revocation of his probation, which apparently occurred after his conviction due to his failure to abstain from the consumption of alcohol. Because we agree that the record fails to reflect that Halseth knowingly and voluntarily waived certain fundamental trial rights, we reverse and remand for a new trial.

## FACTS

According to police reports and the complaint, on August 26, 2001, police responded to a noise complaint at Halseth's apartment. Halseth's downstairs neighbor had called police to report that loud noises were coming from his apartment. When she asked him to stop, Halseth refused and told her that she should call the police.

When police arrived at Halseth's door and asked to speak with him, they heard what sounded like a gun being cocked and someone yell: "Come on f* * *er * * *

I'll f* * *ing blow you away * * * Come on in." The officers heard something strike the door three times while the statements were made. Halseth eventually came out of the apartment unarmed. A double-barreled shotgun was found inside the apartment, and the officers also observed indentations on the inside of the door.

On the date scheduled for trial, the prosecutor indicated that he and defense counsel had agreed to a "stipulated Court trial," as follows:

It is my understanding we have agreed to proceed based on a stipulated Court trial. If Mr. Halseth chooses to waive his right to a jury trial and the right to call and cross-examine live witnesses, it is my understanding that the State and defense counsel will submit a copy of the Complaint in this case, as well as all the police reports * * *, dispatch records, the property inventory, * * * and a copy of the photographs * * *.

Defense counsel added:

Counsel have been discussing the case prior to trial and have reached an agreement whereby—and this has been discussed by myself and Mr. Halseth—that Mr. Halseth would waive a jury and submit the stipulated facts to the Court. We anticipate, upon review of the stipulated facts, that the Court would be entering a finding of guilty to the terroristic threats. And in discussions with the Court, we anticipate that at sentencing, either there would be a stay of imposition of sentence or with good and sufficient reason, the Court may consider a gross misdemeanor disposition following a presentence investigation. So that's our understanding of how we are to proceed and I've spent some time this morning discussing it with Mr. Halseth and I can proceed to make a record with him, if that is appropriate.

Halseth responded affirmatively when asked whether he was freely and voluntarily waiving his right to a jury trial.

Defense counsel then stated:

Just formally note the necessary stipulation for the record. We are stipulating to those police reports. I have had a chance to see them. We've gone over the file together. Accordingly, *we will stipulate and waive any rights to cross-examination, presentation of evidence,* with the understanding with what we have already recited.

(Emphasis added.) The court recited the facts and found appellant guilty of terroristic threats and not guilty of second-degree assault.

Following a presentence investigation and chemical dependency evaluation, the court stayed imposition of sentence and placed Halseth on probation for three years.

## ISSUE

Is Halseth entitled to a new trial because the district court failed to obtain a valid waiver by him of his rights to testify, confront witnesses, and compel production of witnesses, as required under Minn. R.Crim. P. 26.01, subd. 3?

## ANALYSIS

 This court must treat the construction of a rule of criminal procedure as an issue of law subject to de novo review. *State v. Nerz,* 587 N.W.2d 23, 24–25 (Minn. 1998). The rule at issue here, Minn. R.Crim. P. 26.01, is strictly construed. *State v. Sandmoen,* 390 N.W.2d 419, 423 (Minn.App.1986).

 Rule 26.01 establishes a "relatively painless and simple procedure" to obtain a valid waiver of rights before a case can be tried to the court on stipulated facts.

*State v. Tlapa*, 642 N.W.2d 72, 74 (Minn. App.2002). A defendant first must personally waive the right to a jury trial in writing or orally upon the record. Minn. R.Crim. P. 26.01, subd. 1(2)(a); *Sandmoen*, 390 N.W.2d at 424. Here, Halseth concedes that he validly waived his right to a jury trial orally on the record and in writing.

But a defendant must also waive other fundamental rights before a case can be tried to the court on stipulated facts. Minn. R.Crim. P. 26.01, subd. 3 is entitled "Trial on Stipulated Facts" and provides in pertinent part:

> By agreement of the defendant and the prosecuting attorney, a case may be submitted to and tried by the court based on stipulated facts. Before proceeding in this manner, the defendant shall acknowledge and waive the *rights to testify at trial, to have the prosecution witnesses testify in open court in the defendant's presence, to question those prosecution witnesses, and to require any favorable witnesses to testify for the defense* in court. The agreement and waiver shall be in writing or orally on the record.

(Emphasis added.)

The state agrees that there was no express waiver of these rights by Halseth personally, either in writing or orally. The state nevertheless argues that because Halseth was present when his attorney stated, "we will stipulate and waive any rights to cross-examination [and] presentation of evidence," Halseth acquiesced and ratified the waivers entered by his counsel.

The only support cited by the state for its position that defense counsel can waive these types of rights for a client is *State v. Ford*, 276 N.W.2d 178 (Minn.1979). In

that case, one of the issues raised by the defendant on appeal was that his "waiver of a jury trial on the entrapment issue was invalid because defendant himself did not waive the defense in open court." *Id.* at 183. The supreme court rejected this argument, stating that while such a

> waiver should be by defendant, not by his counsel, in this case defendant was present when his counsel made the waiver and defendant may well be said to have ratified the waiver and made it his personal act.

*Id.*

For several reasons, however, *Ford* does not support the state's position here. First, *Ford* predates the provision in rule 26.01 that requires a defendant's personal waiver of his or her trial rights. The rule specifically requires a personal waiver by a defendant and thus precludes any implied ratification of an attorney's waiver by a defendant's mere presence, as in *Ford*.

■ Even if a *Ford*-type ratification is possible under rule 26.01, the facts of this case fail to prove such a ratification. Unlike *Ford*, there was no discussion here to make Halseth aware that his attorney had just waived a right generally reserved for an accused. In addition, in *Ford*, there was a bench trial; here, the facts were "stipulated" and Halseth was never given an opportunity to present evidence to the court in his defense. Thus, the record fails to establish that Halseth impliedly ratified his attorney's waiver of the rights to cross-examination and presentation of evidence. Passing references to these rights by the prosecutor or defense counsel were insufficient to show ratification or acquiescence by Halseth in his attorney's waiver.[1]

---

1. In a pro se supplemental brief, Halseth asserts that his attorney did not believe that he

had any credible witnesses and "dismissed his list." He further asserts that he repeatedly

■ More importantly, as Halseth notes, his right to testify at trial was never discussed or mentioned on the record. The right to testify is a fundamental right that must be personally waived by a defendant. In discussing a defendant's waiver of rights, the Supreme Court recently stated:

> What suffices for waiver depends on the nature of the right at issue. Whether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake. For certain fundamental rights, the defendant must personally make an informed waiver. For other rights, however, waiver may be effected by action of counsel.

*New York v. Hill*, 528 U.S. 110, 114, 120 S.Ct., 659, 664, 145 L.Ed.2d 560 (2000) (quotation and citations omitted). Fundamental rights include the decisions "whether to plead guilty, waive a jury, *testify in his or her own behalf,* or take an appeal." *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983) (citation omitted) (emphasis added).

■ Nonfundamental rights that an attorney may waive include decisions pertaining to the conduct of trial, such as what arguments to pursue, what evidentiary objections to raise, or what evidence to

admit. *Hill,* 528 U.S. at 115, 120 S.Ct. at 664. Because the rights involved here are fundamental, it was imperative that Halseth's waiver be personal, explicit, and in accordance with rule 26.01. *See State v. Roberts,* 651 N.W.2d 198, 201 (Minn.App. 2002) ("fundamental constitutional rights can be waived if the waiver is knowing, intelligent, and voluntary").

We note that the requirements for a valid waiver prior to a stipulated court trial are similar to those necessary for a valid guilty plea under Minn. R.Crim. P. 15.01. This analogy is particularly appropriate here, where the record demonstrates that the agreement reached by counsel was not a true court trial on stipulated facts, but more akin to a guilty plea in which it was agreed that the court would find Halseth not guilty of the more serious charge of second-degree assault and guilty of the less serious charge of terroristic threats.[2]

Finally, in a pro se supplemental brief, Halseth raises an issue relating to his subsequent violation of probation. He claims that at the probation revocation hearing, he was "coerced into pleading guilty to a probation violation which he did not commit" in order to be with his dying wife rather than in the workhouse. Given our decision to reverse Halseth's conviction and remand for a new trial, we need not

---

told his attorney "that a jury trial was absolutely necessary." These assertions further illustrate not only the importance of obtaining a personal and specific waiver of the right to a jury trial, but also waiver of other rights when a case is presented on stipulated facts to a court. Halseth obviously was confused about his rights and the differences between a jury trial and a court trial. He likely had no idea that by stipulating to the state's case, as presented in police reports and the complaint, he would have no opportunity to present witnesses, testify on his own behalf, or otherwise present his version of the facts.

2. In applying this analogy, however, we imply no approval of the agreement reached here, which combined the elements of a guilty plea and a *Lothenbach* stipulation. The supreme court has warned against confusing those two distinct procedures. *State v. Verschelde,* 595 N.W.2d 192, 194–95 (Minn.1999). A true *Lothenbach* stipulation does not involve a concession of guilt, and is intended only to preserve the defendant's right of appeal while avoiding an unnecessary jury trial. *See id.*

address the issues raised by Halseth in his pro se supplemental brief.

## DECISION

Minn. R.Crim. P. 26.01, subd. 3 is clear and requires that a defendant personally waive certain fundamental rights on the record or in writing before a case can be tried to the court on stipulated facts. Because this was not done and because the record fails to show that Halseth knowingly and voluntarily waived his rights before the case was submitted to the court on stipulated facts, we reverse and remand for a new trial.

**Reversed and remanded.**