**STATE of Minnesota, Respondent,**

v.

**Lorenzo Lamont WRIGHT, Appellant.**

**No. A03–589.**

Court of Appeals of Minnesota.

May 18, 2004.

John M. Stuart, State Public Defender, Suzanne M. Senecal–Hill, Assistant State Public Defender, Minneapolis, MN, for appellant.

Mike Hatch, Attorney General, St. Paul, MN; and Amy Klobuchar, Hennepin County Attorney, Linda K. Jenny, Assistant County Attorney, Minneapolis, MN, for respondent.

Considered and decided by WILLIS, Presiding Judge; SCHUMACHER, Judge; and WRIGHT, Judge.

## OPINION

WRIGHT, Judge.

Appellant challenges his convictions of two counts of first-degree criminal sexual conduct, arguing that (1) the evidence is insufficient to support the jury's verdict and (2) he is entitled to a new trial because his attorney agreed to stipulate to an element of the offense without appellant personally waiving the right to have the jury decide that issue. We affirm.

## FACTS

In May 2002, appellant Lorenzo Lamont Wright and his girlfriend moved in with Leverder Ford and her family at Ford's home in Minneapolis. At that time, Ford lived with several children, including her 11–year–old daughter, K.R., and Ford's best friend, Cassandra Simms.

Ford became concerned when she noticed Wright paying more attention to K.R. than the other children in the home. After Ford confronted K.R. about these concerns, K.R. eventually disclosed that she and Wright had engaged in sexual activity in the bathroom a few days earlier. Ford immediately called Simms and Wright's girlfriend into the room and directed K.R. to repeat what K.R. had told

Ford. When Simms heard the allegations, she called the police.

The police came to the residence, spoke with K.R., Ford, Simms, and Wright's girlfriend, and then arrested Wright. Minneapolis Police Sergeant Bernard Martinson drove K.R., Ford, and Simms to Children's Hospital where K.R. underwent a physical examination. Martinson arranged for K.R. to be interviewed the next day at the Midwest Children's Resource Center (MCRC).

A registered nurse with several years' experience conducting medical evaluations and interviews of children alleging sexual or physical abuse interviewed and examined K.R. From a separate observation room, Martinson observed the interview, which was videotaped. During the interview, K.R. stated that, while Wright and K.R. were on the bathroom floor and unclothed below the waist, Wright placed his "private parts" inside her "private parts." K.R. reported feeling pain when Wright did this.

Wright was charged with two counts of first-degree criminal sexual conduct, a violation of Minn.Stat. § 609.342, subd. 1(a) (2000). At trial, Dr. Steven Tredal testified for the defense that, based on his review of the medical reports, there was no physical or medical evidence of penetration. Dr. Tredal admitted during cross-examination that there also is no evidence that the sexual contact or penetration had not occurred. Martinson, who investigated the bathroom with a forensics team, testified that no physical evidence of semen was found in the bathroom.

The jury found Wright guilty of both counts of first-degree criminal sexual conduct. Wright moved for a new trial because he did not personally agree to stipulate that he is more than 36 months older than K.R.—an element of each offense of conviction. The district court denied the motion, and this appeal followed.

## ISSUES

I. Was the evidence sufficient to support the jury's verdict?

II. Did the district court err in denying appellant's motion for a new trial?

## ANALYSIS

### I.

In considering a claim of insufficient evidence, our review is limited to a careful analysis of the evidence to determine whether the jury, giving due regard to the presumption of innocence and the state's burden of proof, could reasonably find the defendant guilty. *State v. Webb,* 440 N.W.2d 426, 430 (Minn.1989). We view the evidence in the light most favorable to the conviction, assuming the jury believed the state's witnesses and disbelieved any evidence to the contrary. *State v. Moore,* 438 N.W.2d 101, 108 (Minn. 1989).

A person who engages in sexual penetration or sexual contact with a person under 13 years of age is guilty of first-degree criminal sexual conduct if "the actor is more than 36 months older than the complainant." Minn.Stat. § 609.342, subd. 1(a) (2000). Mistake as to the complainant's age or consent to the act by the complainant is not a defense. *Id.* "Sexual contact" includes "the intentional touching of the complainant's bare genitals ... by the actor's bare genitals ... with sexual or aggressive intent...." Minn.Stat. § 609.341, subd. 11(c) (2000). "Sexual penetration" includes "any intrusion however slight into the genital or anal openings ... of the complainant's body by any part of the actor's body." *Id.,* subd. 12(2)(i) (2000).

■ Wright argues that there is insufficient evidence to support the jury's verdict because (1) K.R. gave inconsistent statements during the MCRC interview and at trial, and (2) there is no physical evidence of sexual penetration to corroborate K.R.'s allegations. Assessing the credibility of a witness and the weight to be given a witness's testimony is exclusively the province of the jury. *State v. Bliss,* 457 N.W.2d 385, 390 (Minn.1990). In fulfilling its factfinding responsibility, the jury is free to accept some aspects of a witness's testimony and reject others. *State v. Poganski,* 257 N.W.2d 578, 581 (Minn.1977). Inconsistencies and conflicts in evidence do not necessarily provide the basis for reversal. *State v. Stufflebean,* 329 N.W.2d 314, 319 (Minn.1983). "[I]nconsistencies are a sign of human fallibility and do not prove testimony is false, especially when the testimony is about a traumatic event." *State v. Mosby,* 450 N.W.2d 629, 634 (Minn.App.1990), *review denied* (Minn. Mar. 16, 1990).

■ Corroboration is not required in criminal sexual conduct cases. Minn.Stat. § 609.347, subd. 1 (2002). But "[t]he absence of corroboration in an individual case . . . may well call for a holding that there is insufficient evidence upon which a jury could find the defendant guilty beyond a reasonable doubt." *State v. Ani,* 257 N.W.2d 699, 700 (Minn.1977) (quoting Note, *The Rape Corroboration Requirement,* 81 Yale L.J. 1365, 1391 (1972)).

Our review of the trial record establishes that there is ample evidence to support the convictions. K.R.'s trial testimony included a detailed description of the sexual assault and Wright's direction not to report the assault to her mother. The trial record also contains prior consistent statements that K.R. made to her mother, Simms, Wright's girlfriend, the police, and the nurse who interviewed K.R. at MCRC.

The testimony from others about K.R.'s demeanor, emotional condition, and change in behavior after the sexual assault also is strong corroborative evidence. *See State v. Reinke,* 343 N.W.2d 660, 662 (Minn. 1984).

■ Because K.R. did not contend that Wright ejaculated during the sexual assault, the absence of semen in her body or on the floor of the bathroom is not wholly exculpatory. At trial, the nurse who physically examined and interviewed K.R. addressed the absence of physical evidence corroborating the sexual assault. She explained that, based on her experience, in 90 percent of examinations performed on children in response to allegations of sexual abuse, physical evidence is not found. She testified that the absence of corroborative physical evidence could be explained by the physical condition of the hymen and hormone levels of a girl K.R.'s age. Moreover, because "sexual contact" is sufficient to sustain Wright's conviction of first-degree criminal sexual conduct, the dearth of corroborative physical evidence of penetration does not render the evidence insufficient as a matter of law to support the jury's verdict.

Our review of the evidence presented, along with the reasonable inferences that can be drawn from it, leads us to conclude that the jury could reasonably find Wright guilty of first-degree criminal sexual conduct.

## II.

■ Counsel for the state and Wright agreed to stipulate that Wright is more than 36 months older than K.R., thereby removing this issue and any evidence pertaining to it from the jury's consideration. Wright argues that, because he was not advised that he was waiving the right to have the jury decide every element of the offense and he did not person-

ally agree to do so either on the record or in writing, he is entitled to a new trial.

 The United States and Minnesota constitutions guarantee the right to a jury trial in a criminal case. U.S. Const. amend. VI; Minn. Const. art. I, § 6; *see also* Minn. R.Crim. P. 26.01, subd. 1(1). A defendant's right to a jury trial includes the right to be tried on each and every element of the charged offense. *State v. Bluhm,* 457 N.W.2d 256, 260 (Minn.App. 1990), *aff'd in part, rev'd in part on other grounds,* 460 N.W.2d 22 (Minn.1990). A defendant may agree to submit a case on stipulated facts by waiving this right, but such waiver must be made personally by the defendant, not by the defendant's counsel. Minn. R. Crim P. 26.01, subd. 3; *State v. Halseth,* 653 N.W.2d 782, 785 (Minn.App.2002). The defendant's agreement to submit the case on stipulated facts also must be written or oral. Minn. R.Crim. P. 26.01, subd. 3. When stipulating to an element of the offense, a defendant effectively waives the right to a jury trial on that element and removes unduly prejudicial evidence from the jury's consideration. *See State v. Berkelman,* 355 N.W.2d 394, 397 (Minn.1984). Consequently, an oral or written waiver of rights also is required before a defendant personally elects to stipulate at trial to one of several elements of an offense.

When counsel for Wright and the state agreed to stipulate that Wright is more than 36 months older than K.R., a record was not made as to whether Wright was advised of his jury-trial rights and personally agreed to waive them as to this element. Thus, we conclude that it was error to accept the stipulation to proof of an element of an offense without Wright's consent in writing or orally on the record.

 We next consider whether the error was prejudicial. A constitutional error "will be found prejudicial if there is 'a reasonable possibility' that the error complained of might have contributed to the conviction." *State v. Larson,* 389 N.W.2d 872, 875 (Minn.1986). A new trial is not warranted, however, if the state can establish beyond a reasonable doubt that the constitutional error was harmless. *State v. Jones,* 556 N.W.2d 903, 910 (Minn.1996). If, after reviewing the basis on which the jury rested its verdict, we conclude that the verdict was "surely unattributable to the error, the error is harmless beyond a reasonable doubt." *Id.*

In denying the motion for a new trial, the district court found that, when the stipulation was read into the record, Wright made no objection. The district court also considered that, prior to agreeing to the stipulation, the attorneys contemplated recalling the officer to testify as to Wright's date of birth, which would have had a more prejudicial effect than the stipulation because the testimony would have established that Wright is substantially older than K.R. The district court also reasoned that the jury had an opportunity to view Wright during his testimony and make its "own determination as to his age being more than 36 months older than [K.R.]." These reasons also support our conclusion that, although the district court erred in accepting the stipulation to an element of the offense without Wright's personal waiver, such error was not so prejudicial as to require a new trial.

Finally, Wright raises a number of issues in his pro se brief. Having carefully reviewed these issues, we conclude that they are without merit.

## DECISION

There is ample evidence to support the jury's verdict. The district court erred in accepting a stipulation to an element of the offense without a personal oral or written

waiver of the right to a jury trial on that element. But under the circumstances presented in this case, the error was harmless beyond a reasonable doubt.

**Affirmed.**