**STATE of Minnesota, Respondent,**

v.

**Michael Walton HINTON, Appellant.**

No. A04–1220.

Court of Appeals of Minnesota.

Aug. 9, 2005.

Mike Hatch, Attorney General, St. Paul, MN; and Brian D. Roverud, Faribault County Attorney, Blue Earth, MN, for respondent.

John M. Stuart, State Public Defender, Suzanne M. Senecal–Hill, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by HALBROOKS, Presiding Judge; LANSING, Judge; and MINGE, Judge.

## OPINION

MINGE, Judge.

Appellant challenges his conviction of felony violation of an order for protection on two grounds: (1) that it was error to admit a stipulation of his prior convictions into evidence; and (2) that the evidence is insufficient to convict him. We affirm.

## FACTS

Appellant Michael Walton Hinton married D.H. on February 4, 1984. After many years of marriage and three children, they separated. On May 15, 2001, the district court issued an order for protection (OFP), which stated that "[Appellant] shall have no contact, either direct or indirect, with [D.H.] whether in person, with or through other persons, by telephone, letter, or in any other way." Appellant was personally served with a copy of the order, which was effective for two years. On September 24, 2001, appellant was convicted of assaulting D.H. while armed with a dangerous weapon and was sentenced to prison. Appellant had prior convictions on March 23, 1998, and April 14, 2000, for assaulting D.H.

On January 22, 2002, appellant sent a letter to his 15–year–old daughter. The daughter lives with D.H., her mother. Towards the end of the letter appellant wrote "I made an anniversary card." The envelope contained a separate sheet of paper on which "Happy Anniversary Dianne" was written at the top, followed by the date of the anniversary and dictionary definitions of the words "annihilation," "anniversary," "love," and "unconditional." On March 6, 2002, appellant was charged with felony violation of an OFP pursuant to Minn.Stat. § 518B.01, subd. 14(d)(1) (Supp.2001).

A jury trial was held on October 1, 2003. At the trial, appellant's daughter and D.H. testified. According to the daughter, there was an agreed procedure between the daughter and D.H. regarding letters received from appellant. This procedure involved D.H. going through the letters "to

make sure there was—it was all about [the daughter] and stuff, asking questions about [the daughter] and not about [D.H.]." D.H. testified that she opened the envelope sent from appellant and read the letters and the homemade anniversary card. During the trial, the district court admitted a stipulation by appellant's attorney regarding appellant's two prior domestic-assault convictions. The jury found appellant guilty of violating the OFP and appellant filed this appeal.

## ISSUES

I. Did the district court err in admitting appellant's prior convictions by stipulation by his attorney without appellant's consent on the record?

II. Was the evidence sufficient to support the jury's verdict?

## ANALYSIS

### I.

The first issue is whether the district court erred in admitting appellant's prior convictions by stipulation without appellant's personal written or oral consent on the record. To establish a felony-level offense, the prosecutor must prove that the defendant has had two or more prior domestic-violence-related offenses within five years. *See* Minn.Stat. § 518B.01, subd. 14(d)(1) (Supp.2001). At trial, appellant's attorney and counsel for the state stipulated that appellant had two prior qualifying convictions. Appellant now asserts that because he did not personally agree to waive on the record or in writing the right to have the jury determine the existence of prior offenses, the stipulation was improper and his conviction should be reversed.

■ A criminal defendant has a constitutional right to a jury trial. U.S. Const. art. III, § 2, cl. 3, amend. VI; Minn. Const. art. I, §§ 4, 6; Minn. R.Crim. P. 26.01, subd. 1(1). A defendant's right to a jury trial includes the right to be tried on each and every element of the charged offense. *State v. Bluhm,* 457 N.W.2d 256, 260 (Minn.App.1990), *aff'd in part, rev'd in part on other grounds,* 460 N.W.2d 22 (Minn.1990).

■ An exception to the right to a jury trial is stipulations and waivers. A defendant may agree to waive a jury determination of a particular element of the offense by stipulating to it. *State v. Wright,* 679 N.W.2d 186, 191 (Minn.App. 2004), *review denied* (Minn. June 24, 2004); *State v. Halseth,* 653 N.W.2d 782, 785 (Minn.App.2002). To stipulate to a factual element of the offense, the defendant must personally waive his trial right either orally or in writing. *Wright,* 679 N.W.2d at 191. In *Wright,* the defendant was convicted of first-degree criminal sexual conduct based on his sexual contact with a girl under 13 years of age when he was 36 months older. 679 N.W.2d at 188–190. The defendant argued that he was entitled to a new trial because he did not personally waive his jury-trial right when his counsel and the state agreed to stipulate that he was more than 36 months older than the victim. *Id.* at 190–91. This court reviewed Minn. R.Crim. P. 26.01, subd. 3, and found that stipulating to an element of the offense requires the defendant to waive the right to a jury trial as to that element. *Id.* at 191. The court found that it was error to accept the stipulation without the defendant's consent in writing or orally on the record, but held that the error was harmless and did not require a new trial. *Id.*

■ In the case before us, the fact covered by the stipulation is the record of appellant's prior convictions for domestic

violence against his wife, D.H. This fact is a necessary element of proving that his violation of the order for protection is a felony-level offense. It is undisputed that appellant did not personally waive his right to a jury determination of these prior convictions. We note that there is no challenge as to the existence of the prior convictions. As presented to us, the record of the convictions is accurate. Thus, although appellant did not personally waive his right to a jury determination on this element of the offense, even if the stipulation to the prior convictions is error, it is clearly harmless.[1]

The United States Supreme Court recently renewed its commitment to the Sixth Amendment right of a defendant to have the prosecutor prove to the jury "all facts legally essential to the punishment." *See Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 2536, 2543, 159 L.Ed.2d 403 (2004). The *Blakely* court specifically excluded the fact of a prior conviction from the rule it established for jury determination of other facts. *Blakely,* 124 S.Ct. at 2536; *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435, (2000) (stating that, in sentencing, the fact of prior convictions may be determined by a judge); *see also State v. Mitchell,* 687 N.W.2d 393, 399–400 (Minn.App.2004) (stating that judicial determination of prior convictions does not violate defendant's Sixth Amendment right to jury determination of all facts essential

to the punishment), *review granted* (Minn. Dec. 22, 2004). Our case involves the issue of jury determination of an element of the crime itself, not a sentencing factor. As such, our case deals with a more fundamental stage in criminal procedure. However, the parallel to *Blakely* is instructive. The fact that *Blakely* does not require a jury determination of prior convictions indicates that the need for that protection under the Sixth Amendment is not strong in the situation before us. At a minimum, *Blakely* provides implicit support for the conclusion that a harmless error analysis is appropriate in the case before us.

## II.

■ The next issue is whether the evidence is sufficient to support the jury's verdict. In considering a claim of insufficient evidence, this court's review "is limited to a painstaking analysis of the record to determine whether the evidence, when viewed in the light most favorable to the conviction, was sufficient to permit the jurors to reach the verdict which they did." *State v. Webb,* 440 N.W.2d 426, 430 (Minn. 1989). The reviewing court will not disturb the verdict if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was guilty of the charged offense. *State v. Alton,* 432 N.W.2d 754, 756 (Minn.1988).

---

1. We note that Minnesota courts have recognized that a district court should accept a defendant's stipulation to prior convictions unless the prior convictions are relevant to some disputed issue. *See, e.g., State v. Davidson,* 351 N.W.2d 8, 11–12 (Minn.1984); *State v. Berkelman,* 355 N.W.2d 394, 397 (Minn. 1984); *State v. Clark,* 375 N.W.2d 59, 62 (Minn.App.1985); *see also Old Chief v. United States,* 519 U.S. 172, 191–92, 117 S.Ct. 644, 655–56, 136 L.Ed.2d 574 (1997). Also, because of the prejudicial nature of prior convictions, this court has reversed convictions in circumstances in which a district court refused to accept a stipulation. *See, e.g., State v. Allen,* 375 N.W.2d 82, 84–85 (Minn.App. 1985), *review denied* (Minn. Dec. 19, 1985); *but see Davidson,* 351 N.W.2d at 12. Although these cases are not directly relevant to the issue before us, they illustrate that it is typically to the defendant's advantage to avoid presenting the question of prior convictions to the jury.

■ To convict appellant of felony violation of an OFP, the state had to prove beyond a reasonable doubt that (1) there was an existing court order for protection; (2) the defendant knew of the order; (3) the defendant violated a term or condition of the order for protection; and (4) the defendant committed this crime within five years of the defendant's previous two convictions for domestic-violence-related offenses. Minn.Stat. § 518B.01, subd. 14(b), (d)(1) (Supp.2001); *State v. Colvin*, 629 N.W.2d 135, 138 (Minn.App.2001) (stating that "[t]he state is required to prove the existence, and defendant's awareness, of the order for protection, in addition to a violation of the order."), *rev'd on other grounds*, 645 N.W.2d 449 (Minn.2002).

■ The state submitted evidence of the OFP and that it was in effect at the time. There was also evidence that defendant was properly served with the OFP and that he knew the nature of its restrictions. The stipulation at issue established appellant's two prior convictions dated March 23, 1998 and August 14, 2000, for domestic-assault-related offenses; these were clearly within five years of the current offense. The critical factual question is whether the state proved beyond a reasonable doubt that appellant violated a condition of the OFP. Appellant argues that because he was entitled to communicate with his children and the envelope and enclosed letter were addressed to his daughter, this element was not proved. However, appellant knew his daughter was living with D.H. Appellant did not merely mention their anniversary, but included a separate anniversary card which stated "Happy Anniversary Dianne." Although the evidence against appellant is not overwhelming, the jury could reasonably conclude that appellant indirectly sent the card to D.H. by sending it to his daughter. This violates the terms of the OFP prohib-

iting indirect contact by letter. Appellant does not challenge the breadth of this OFP. We conclude that the evidence was sufficient to support the jury's determination of guilt.

## DECISION

The admission of the undisputed record of appellant's prior convictions was harmless error. Also the record is sufficient to support the jury's verdict and appellant's conviction.

**Affirmed.**