**STATE of Minnesota, Respondent,**

v.

**Brent Theodore KUHLMANN,
Appellant.**

No. A09–915.

Court of Appeals of Minnesota.

April 6, 2010.

Lori Swanson, Attorney General, St. Paul, MN; Janelle P. Kendall, Stearns County Attorney, Patrick M. Moen, Assistant County Attorney, St. Cloud, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender, G. Tony Atwal, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by HALBROOKS, Presiding Judge; LANSING, Judge; and SCHELLHAS, Judge.

## OPINION

LANSING, Judge.

In this appeal from conviction of felony domestic assault and second-degree driv-

ing while impaired, Brent Kuhlmann argues that because his stipulation to jury instructions without the conviction-based elements of the offenses did not include his personal, informed waiver of a jury trial on these elements, a new trial is required. Because there was no objection to the district court's jury instructions at trial, we review the challenge on appeal under a plain-error standard. Applying the plain-error standard, we conclude that the fairness and integrity of judicial proceedings were not affected, and we affirm.

## FACTS

The state charged Brent Kuhlmann with two counts of felony domestic assault for his physical conduct both outside and inside his house on the night of October 16, 2008. When Kuhlmann declined to take a chemical test after his arrest, he was also charged with second-degree driving while impaired based on his condition earlier that same night when he was driving his fiancée's car in front of their house.

Both of the charged crimes include prior convictions as elements of the offense. At trial, Kuhlmann's defense attorney told the district court several times that Kuhlmann did not want the conviction-based elements submitted to the jury and would stipulate to the relevant prior convictions. These convictions elevated his domestic-assault charge from a misdemeanor to a felony and his driving-while-impaired charge from third-degree to second-degree. The stipulation, which was stated on the record, included Kuhlmann's express acknowledgement of his convictions for the predicate offenses and his attorney's request that the district court remove the conviction-based elements from the jury instructions. The jury was instructed on the elements of misdemeanor domestic assault and third-degree driving while impaired. Following deliberations, the jury found

Kuhlmann guilty on the first count of domestic assault, not guilty on the second count, and guilty of driving while impaired. Based on the jury's verdict and Kuhlmann's earlier stipulation on the predicate offenses, the district court entered judgments of conviction for the first count of felony domestic assault and for second-degree driving while impaired.

On appeal from his convictions, Kuhlmann argues that the district court's failure to obtain his personal, informed waiver of the right to a jury trial on the conviction-based elements requires reversal.

## ISSUE

Is it plain error requiring reversal for the district court to fail to instruct the jury on the conviction-based elements of felony domestic assault and second-degree driving while impaired when the defendant's stipulation to the predicate convictions does not include a personal, informed waiver of his right to a jury trial on the conviction-based elements?

## ANALYSIS

Following a jury trial, the district court entered two convictions against Kuhlmann: felony domestic assault and second-degree driving while impaired. The crime of felony domestic assault, defined under Minn. Stat. § 609.2242, subd. 4 (2008), requires commission of misdemeanor domestic assault or fifth degree assault and commission of two or more prior, qualified domestic-violence-offense convictions within the previous ten years. Second-degree driving while impaired entails refusal to submit to a chemical test and the presence of an aggravating factor, which includes a prior impaired-driving incident within ten years of the charged offense. Minn.Stat. §§ 169A.25, subd. 1(b), .03, subds. 3, 22 (2008). Kuhlmann personally acknowledged his convictions that elevated each

crime. The conviction-based elements were not submitted to the jury for a determination, the jury did not hear evidence of the prior convictions, and it was not asked to make a finding on the conviction-based elements of each offense.

Under the federal and state constitutions, criminal defendants have the right to a jury trial for any offense punishable by incarceration. U.S. Const. amend. VI; Minn. Const. art. I, § 6; *see also* Minn. R.Crim. P. 26.01, subd. 1(1)(a). The state must prove each and every element of the offense charged beyond a reasonable doubt. *State v. Paige,* 256 N.W.2d 298, 303 (Minn.1977). Stipulating to an element of the offense effectively waives the right to a jury trial on that element. *State v. Berkelman,* 355 N.W.2d 394, 397 (Minn.1984). A defendant must personally waive a right to a jury trial orally or in writing after being advised by the court and having an opportunity to consult with counsel. Minn. R.Crim. P. 26.01, subd. 1 (waiver of trial by jury); *see also id.,* subd. 3 (waiver for trial on stipulated facts). A defendant's counsel cannot waive the right to a trial by jury or other rights associated with an adversarial trial on behalf of the defendant. *State v. Halseth,* 653 N.W.2d 782, 786 (Minn.App.2002); *State v. Sandmoen,* 390 N.W.2d 419, 423 (Minn.App. 1986).

Although the district court had earlier advised Kuhlmann of his right to a jury trial and Kuhlmann had exercised that right, the district court did not specifically advise Kuhlmann of his right to a jury trial on the elements of his prior offenses at the time that Kuhlmann's attorney asked the district court to remove the conviction-based elements from the jury instructions. And Kuhlmann did not personally waive his right to a jury trial on those elements. We agree that the district court should have obtained a personal, informed waiver before deleting these elements from the jury instructions. The lack of the personal, informed waiver, however, was not brought to the district court's attention by either the state or the defense attorney. The stipulations were obviously for Kuhlmann's benefit, and his defense counsel was reasonably advocating for Kuhlmann's interests by requesting that the conviction-based elements not be included in the jury instructions. We are not suggesting that either the state or the defense intended to mislead the district court. But the result is that, in the absence of an objection from either attorney, the review of the district court's ruling on jury instructions is limited on appeal. *Cf. State v. Osborne,* 715 N.W.2d 436, 444 (Minn.2006) (stating that forfeiture doctrine is appropriate on issues that could be affected by defense strategy, such as proposed jury instructions and proffered evidence).

Generally, reviewing courts will not consider issues raised for the first time on appeal, even constitutional questions of criminal procedure. *State v. Hughes,* 758 N.W.2d 577, 582 (Minn.2008). The Minnesota Rules of Criminal Procedure allow for review of errors not brought to the district court's attention during trial only if they affect substantial rights. Minn. R.Crim. P. 31.02; *see also State v. Vance,* 734 N.W.2d 650, 655 (Minn.2007) (stating that "failure to object [to jury instructions] will not preclude appellate review if instructions constitute plain error affecting substantial rights or an error of fundamental law"). In discussing the function of the federal rule limiting review of unobjected-to plain errors affecting substantial rights, the U.S. Supreme Court stated that the rule reflects a "careful balancing of our need to encourage all trial participants to seek a fair and accurate trial the first time around against our insistence that obvious

injustice be promptly redressed." *Johnson v. United States,* 520 U.S. 461, 466, 117 S.Ct. 1544, 1548, 137 L.Ed.2d 718 (1997) (addressing error in not submitting one element of crime to jury) (internal quotations omitted). Thus, before we review an unobjected-to error we must determine whether there was error, that was plain, and that affected substantial rights. If these three prongs are met we address the error only if it seriously affects the fairness and integrity of judicial proceedings. *State v. Griller,* 583 N.W.2d 736, 740 (Minn.1998) (adopting plain-error analysis set out in *Johnson* ).

Analyzing the challenge to the adequacy of a waiver for stipulated, conviction-based elements through the lens of plain error is not completely symmetrical to the analysis that this court has applied in other cases involving challenges to the adequacy of waivers for stipulated, conviction-based elements. *See State v. Hinton,* 702 N.W.2d 278, 281–82 (Minn.App.2005) (applying harmless-error test), *review denied* (Minn. Oct. 26, 2005); *see also State v. Wright,* 679 N.W.2d 186 (Minn.App.2004) (stipulating to element of age), *review denied* (Minn. June 29, 2004). But the facts and circumstances of this case best align with a plain-error analysis.

■■■ In light of the past decisions of this court and the provisions of Minnesota Rules of Criminal Procedure 26.01, subdivision 1, addressing waiver of trial by jury, and subdivision 3, addressing the waiver of rights in a trial on stipulated facts, we conclude that the omission of the conviction-based elements of both of the charges from the jury instructions without Kuhlmann's personal, informed waiver was an error. Therefore, the first prong of the plain-error test is met. An error is plain if it is "clear" or "obvious" or "if the error contravenes case law, a rule, or a standard of conduct." *State v. Ramey,* 721 N.W.2d

294, 302 (Minn.2006); *State v. Burg,* 648 N.W.2d 673, 677 (Minn.2002) (quoting *United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). The lack of a personal, informed waiver on the conviction-based elements contravened rule 26.01 subdivisions 1 and 3 and caselaw requiring a defendant's personal, informed waiver to stipulate to an element of a crime. *Hinton,* 702 N.W.2d at 281; *Wright,* 679 N.W.2d at 191. We, therefore, conclude that the waiver error was plain and that the second prong of the plain-error test was met.

■■■ Kuhlmann argues that the waiver error requires automatic reversal because his right to a jury trial on all elements was fundamental and violation of that right is structural error. The U.S. Supreme Court has explained that a structural error is a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself," and has found structural errors in a "very limited class of cases." *Johnson,* 520 U.S. at 468, 117 S.Ct. at 1549.

Kuhlmann points to cases in which Minnesota appellate courts have reversed waiver errors without assessing the nature of the errors. The cases cited, however, involved inadequate waivers before the defense proceeded in a bench trial, a full stipulated-facts trial, or a *Lothenbach* trial—a stipulated-facts trial to obtain review of a pretrial ruling. *See, e.g., State v. Antrim,* 764 N.W.2d 67, 71 (Minn.App. 2009); *State v. Knoll,* 739 N.W.2d 919, 922 (Minn.App.2007); *Halseth,* 653 N.W.2d at 787; *State v. Tlapa,* 642 N.W.2d 72, 75 (Minn.App.2002), *review denied* (Minn. June 18, 2004); *Sandmoen,* 390 N.W.2d at 423. Kuhlmann's argument overlooks deeply significant differences between the rights given up by foregoing a jury and agreeing to a bench trial or stipulated-facts trial and the rights given up when

exercising the right to a jury trial and stipulating only to an offense element. In agreeing to a bench trial, a defendant gives up the right to a determination of guilt by a jury of the defendant's peers. In a stipulated-facts trial, the defendant does not call his own witnesses, challenge the credibility of the evidence or the existence of facts, and essentially relieves the state from much of its burden of proving guilt. In contrast, when stipulating to an element, the defendant can still compel witnesses to testify on the defendant's behalf, cross-examine the state's witnesses, challenge the state's other evidence, and argue the case to the jury.

In assessing whether substantial rights were affected, Minnesota courts also look to whether the error was prejudicial and affected the outcome of the case. *Vance,* 734 N.W.2d at 659; *Griller,* 583 N.W.2d at 741 (stating that "we have defined plain error as prejudicial if there is a reasonable likelihood that [it] . . . had a significant effect on the verdict of the jury"). The waiver error in this case did not likely have a significant effect on the jury's verdict because the stipulation kept the jury from knowing about Kuhlmann's prior convictions. These convictions were for crimes that the state demonstrated it could readily have proved if Kuhlmann had not sought to stipulate to the convictions and remove the conviction-based elements from the jury instructions.

But we do not need to decide the question of whether Kuhlmann's substantial rights were affected because, even assuming this prong of the plain-error test has also been met, we must determine whether a new trial is necessary to ensure the fairness and integrity of judicial proceedings before correcting the error. *Griller,* 583 N.W.2d at 742; *see also Johnson,* 520 U.S. at 469, 117 S.Ct. at 1550 (stating same). This requirement is not met. Kuhlmann received a fair trial. The jury

was not aware of Kuhlmann's past convictions and was instructed on lesser crimes than those charged, protecting Kuhlmann from the jury's speculation about his criminal history. Kuhlmann does not contest the existence of his prior convictions or contend that they fail to form the requisite basis for his elevated charges and subsequent convictions. And the record establishes that the state had proof of the convictions, which Kuhlmann acknowledged. Reversal and remand would likely result in either a valid waiver and identical evidence before a jury charged with the same instructions or a trial in which the jury is informed of Kuhlmann's multiple prior convictions and is charged with the elevated offenses. In short, the court would provide him either with the same trial or a potentially more prejudicial one. In light of the fact that the stipulation was for Kuhlmann's benefit, and the evidence to establish the omitted elements was readily available and uncontroverted, we conclude that the error provides no basis for questioning the fairness and the integrity of judicial proceedings. Reversal is not required.

### DECISION

A defendant must personally waive his right to a jury trial on an element of the crime with which he is charged before he can stipulate to it and remove it from the jury's instructions on the elements of the offense. Because Kuhlmann did not waive this right personally, the jury instructions resulted in error. The error was not recognized by the district court or brought to its attention. But because the error did not undermine the fairness or integrity of the judicial proceedings, we affirm.

**Affirmed.**