**STATE of Minnesota, Respondent,**

v.

**Calhoun FLUKER, Appellant.**

**No. A09–191.**

Court of Appeals of Minnesota.

April 27, 2010.

Lori Swanson, Attorney General, Susan Gaertner, Ramsey County Attorney, Tamara L. McConkey, Assistant County Attorney, St. Paul, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender, Rochelle R. Winn, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by
KALITOWSKI, Presiding Judge;
MINGE, Judge; and BJORKMAN, Judge.

## OPINION

MINGE, Judge.

Appellant challenges his conviction for failure to register as a predatory offender, arguing that the district court's failure to obtain his personal waiver of his right to a jury trial on two stipulated elements of the offense requires automatic reversal. We affirm.

## FACTS

Appellant Calhoun Fluker, III, was required to register with law enforcement as a predatory offender. In September 2006, appellant notified the Minnesota Department of Public Safety of his current primary address. Following a May 2007 investigation, the Ramsey County Sheriff's Department determined that appellant no longer resided at that address and had not notified law enforcement of a new primary

address. The state charged appellant with violation of the predatory-offender-registration requirement under Minn.Stat. § 243.166, subd. 5(a) (2006).

A jury trial was held, and the parties stipulated to two elements of the offense as follows:

> The Defendant is a person who is required to register with law enforcement. And the time period during which the Defendant is required to register has not lapsed.

At the end of the second day of trial, the district court discussed the proposed jury instructions with the parties. The district court indicated that the state altered the general instruction from the Jury Instruction Guide in order to "fit[ ] within the intent of . . . the parties of not allowing the jury to learn about the reason for the requirement for registration and any references to predatory offender or any sexual references." Respondent explained that the state made "several redactions that were to benefit [appellant] because he had stipulated to the underlying offense."

The jury found appellant guilty of failure to register as a predatory offender. This appeal followed.

## ISSUE

Does the district court's failure to obtain appellant's personal waiver of a jury trial on the two stipulated elements require automatic reversal?

## ANALYSIS

### I. Waiver As Error

The basic issue in this case has three parts. The first is whether it was error not to obtain appellant's waiver of his right to a jury trial on certain elements of the crime.

A criminal defendant has the constitutional right to a jury trial for any offense punishable by incarceration. Minn. Const. art. I, §§ 4, 6; U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI; Minn. R.Crim. P. 26.01, subd. 1(1)(a) (2008). This right includes the right to be tried before a jury on every element of the charged offense. *State v. Hinton,* 702 N.W.2d 278, 281 (Minn.App.2005), *review denied* (Minn. Oct. 26, 2005). But a defendant may waive the right to a jury trial on any particular element by stipulation. *Id.* Because the right to a jury trial is a fundamental right, waiver of this right must be "personal, explicit, and in accordance with rule 26.01." *State v. Halseth,* 653 N.W.2d 782, 786 (Minn.App.2002); *see* Minn. R.Crim. P. 26.01, subd. 1(2)(a) (2008) ("The defendant, with the approval of the court may waive jury trial on the issue of guilt provided the defendant does so personally in writing or orally on the record in open court, after being advised by the court of the right to trial by jury and after having had an opportunity to consult with counsel.").

The parties here agree that the district court erred by failing to obtain appellant's personal waiver of his right to a jury trial with regard to the two stipulated elements.

### II. Applicability of Harmless–Error Analysis

The next question is whether the harmless-error analysis applies when a waiver is not obtained for the right to a jury trial. If a criminal defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that most constitutional errors are subject to harmless-error analysis. *Washington v. Recuenco,* 548 U.S. 212, 218, 126 S.Ct. 2546, 2551, 165 L.Ed.2d 466 (2006). But errors that "necessarily render a trial fundamentally unfair" or "deprive defendants

of basic protections without which a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence" are deemed "structural errors" that require automatic reversal. *Neder v. United States,* 527 U.S. 1, 8–9, 119 S.Ct. 1827, 1833, 144 L.Ed.2d 35 (1999) (quotation omitted); *see McGurk v. Stenburg,* 163 F.3d 470, 474 (8th Cir.1998) (explaining that structural errors "call into question the very accuracy and reliability of the trial process and thus are not amenable to harmless error analysis, but require automatic reversal").

■■ In *Arizona v. Fulminante,* the United States Supreme Court distinguished between structural errors, which are not subject to the harmless-error analysis, and "trial errors." 499 U.S. 279, 306–08, 111 S.Ct. 1246, 1263–64, 113 L.Ed.2d 302 (1991). Trial errors occur during the presentation of a case to the jury and may be quantitatively assessed in the context of all evidence presented to determine whether the error was harmless beyond a reasonable doubt. *Id.* In determining whether an error is a structural error, the Supreme Court looks to: (1) "the difficulty of assessing the effect of the error" on the trial; and (2) "the irrelevance of harmlessness." *United States v. Gonzalez–Lopez,* 548 U.S. 140, 149 n. 4, 126 S.Ct. 2557, 2564 n. 4, 165 L.Ed.2d 409 (2006).

The Minnesota Supreme Court has generally "agreed with the [United States] Supreme Court that most constitutional errors can be harmless." *State v. Dorsey,* 701 N.W.2d 238, 252 (Minn.2005) (quotation omitted); *see State v. Shoen,* 598 N.W.2d 370, 376 (Minn.1999) (stating that the United States Supreme Court has applied harmless-error analysis even to errors deemed presumptively prejudicial, such as a court official's improper statements about the merits of a case in front

of the jury). The Minnesota Supreme Court has also applied the structural-error analysis set forth in *Fulminante, Neder,* and *Recuenco* to determine that certain errors constitute structural errors requiring automatic reversal without regard to the evidence presented. *See, e.g., State v. Dorsey,* 701 N.W.2d at 253 (holding that the judge's independent investigation into a factual assertion and revelation of the results of that investigation to counsel deprived defendant of his right to an impartial judge and finder of fact and thus constituted structural error); *State v. Moore,* 699 N.W.2d 733, 737–38 (Minn.2005) (holding that a jury instruction directing the verdict on one element deprived defendant of the right to a jury determination on every element of the charged offense and thus constituted structural error). But the Minnesota Supreme Court has not yet addressed whether a district court's failure to elicit a defendant's personal jury-trial waiver with regard to stipulated elements constitutes structural error or trial error.

Appellant argues that caselaw of this court requires reversal of his conviction and cites *State v. Antrim,* 764 N.W.2d 67 (Minn.App.2009). In *Antrim,* appellant stipulated to the state's case in order to obtain review of a pretrial ruling, but did not personally waive his right to require any favorable witnesses to testify for the defense as required by rule 26.01, subd. 3(a). *Id.* at 69; *see* Minn. R.Crim. P. 26.01, subd. 4 (setting forth the procedure for stipulating to the state's case in order to obtain pretrial review, commonly known as a *Lothenbach* proceeding, and requiring the defendant's personal waiver of all rights listed in subdivision 3); Minn. R.Crim. P. 26.01, subd. 3 (providing that when a defendant agrees to a trial on stipulated facts, the defendant must personally waive the rights to testify at trial, to have the prosecution witnesses testify in

defendant's presence, to question the prosecution witnesses, and to require any favorable witnesses to testify for the defense). On review in *Antrim*, we declined to apply the harmless-error standard, holding that the waiver requirements of rule 26.01 are to be strictly construed. *Id.* at 70–71. Other decisions of this court have also declined to apply a harmless-error analysis to certain types of error. *See Halseth*, 653 N.W.2d at 786 (classifying the rights set forth in rule 26.01, subd. 3, as fundamental rights that must be personally and explicitly waived); *State v. Ehmke*, 752 N.W.2d 117, 123 (Minn.App. 2008) ("[W]hen the record fails to establish a valid waiver of the rights specified in rule 26.01, subd. 3, ... a new trial is necessary."); *State v. Knoll*, 739 N.W.2d 919, 922 (Minn.App.2007) (holding that a defendant who agrees to a *Lothenbach* trial under rule 26.01, subdivision 4, must expressly waive the fundamental rights listed in subdivision 3, and failure to do so requires reversal).

We have applied the harmless-error analysis in other settings. One such case arose when a defendant charged with first-degree criminal sexual conduct stipulated to the element that he was more than 36 months older than the victim without waiving his right to a jury trial on that element. *State v. Wright*, 679 N.W.2d 186, 190 (Minn.App.2004), *review denied* (Minn. June 29, 2004). In *Wright*, we applied a harmless-error analysis to the district court's failure to obtain appellant's personal waiver. *Id.* at 191. In part, we reasoned that proving the age element to the jury would have had "a more prejudicial effect than the stipulation" because appellant was significantly older than the victim. *Id.;* see also *Hinton*, 702 N.W.2d at 281–82 (holding that stipulation of the appellant's undisputed prior convictions was harmless error and reasoning that *Blakely v. Washington*, which does not require a

jury determination of prior convictions, "provides implicit support for the conclusion that a harmless error analysis is appropriate"). Also, both *Wright* and *Hinton* involved objective determinations readily apparent from public records.

Here, appellant stipulated to elements of the charged offense in order to prevent prejudicial information from reaching the jury. This is similar to the use of the harmless-error analysis in *Wright*. It is also consistent with our recognition of the important advantage to the accused of being able to use such stipulations. In contrast, *Antrim, Knoll, Halseth*, and *Ehmke* each involved a waiver incident to an entire stipulated-facts trial or a *Lothenbach* trial that is subject to the stringent waiver requirements of rule 26.01, subdivision 3(a). *See Halseth*, 653 N.W.2d at 786 n. 2 (stating that appellant agreed to a stipulated-facts trial in return for the district court finding him guilty of a less serious charge, a procedure that combined elements of a *Lothenbach* trial and a guilty plea); *Knoll*, 739 N.W.2d at 921–22 (stating that a *Lothenbach* procedure is more comparable to a guilty-plea procedure than a stipulated-facts trial, thus "weigh[ing] in favor of a more rigorous waiver requirement"); *Ehmke*, 752 N.W.2d at 119 (involving a *Lothenbach* trial); *Antrim*, 764 N.W.2d at 69 (same).

▪ In our case, the district court's failure to obtain appellant's personal jury-trial waiver was limited to the two elements. Exposing the jury to evidence of appellant's 1994 second-degree criminal sexual conduct conviction is potentially inflammatory. It increases the likelihood of conviction for the failure-to-register offense. Appellant's trial counsel recognized this risk. We further note that the stipulated elements are the nature of the prior offense and the date of the conviction for

that offense are highly objective and readily confirmed public judicial records. Based on the foregoing analysis, we conclude that the district court's error in accepting appellant's stipulation without obtaining his personal jury-trial waiver was a trial error subject to harmless-error analysis.

### III. Application of Harmless–Error Analysis

■■■■ A constitutional error is prejudicial if there is a "reasonable possibility" that the error might have contributed to the conviction. *Wright,* 679 N.W.2d at 191 (citation omitted). "If, after reviewing the basis on which the jury rested its verdict, we conclude that the verdict was surely unattributable to the error, the error is harmless beyond a reasonable doubt." *Id.* (quotation omitted).

Applying the harmless-error analyses of *Wright* and *Hinton,* we conclude that the district court's failure to obtain appellant's personal waiver of his right to a jury trial on two elements of the charged offense was harmless error. Like in *Wright* and *Hinton,* appellant was present when the stipulation was read into the record and when it was mentioned throughout the trial, and appellant did not object. Also, as discussed above, the underlying facts of the stipulations were not in dispute. Finally, appellant benefitted from the stipulation by keeping evidence regarding his 1994 conviction for criminal sexual conduct from being heard by the jury. We conclude that because the jury's verdict was "surely unattributable" to the error, the error was harmless beyond a reasonable doubt. *See Wright,* 679 N.W.2d at 191 (citation omitted).

### DECISION

The district court erred in accepting the stipulation to two elements of the offense without appellant's personal waiver of the right to a jury trial on those elements. However, because this error was harmless beyond a reasonable doubt, it is not a basis for relief.

**Affirmed.**