*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1690**

State of Minnesota,
Respondent,

vs.

Lamar James Crump,
Appellant.

**Filed November 21, 2016
Affirmed
Bjorkman, Judge**

Dakota County District Court
File No. 19HA-CR-14-2260

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Heather Pipenhagen, Assistant County Attorney, Hastings, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Julie Loftus Nelson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Connolly, Presiding Judge; Bjorkman, Judge; and Reilly, Judge.

## U N P U B L I S H E D   O P I N I O N

**BJORKMAN**, Judge

        Appellant challenges his first-degree-assault conviction, arguing defense counsel improperly conceded appellant's guilt during closing argument. We affirm.

FACTS

On June 25, 2014, R.S. dropped her 15-month-old son, R.H., off at a neighbor's apartment before going to work. R.S. worked the night shift, so she and a neighbor, J.W., had an arrangement in which she would drop off R.H. at J.W.'s apartment on her way to work. She would then pick him up around 5:00 a.m. before J.W. left for her own job. On days when R.S. could not get there in time, J.W. would bring the child back to R.S.'s apartment where R.S.'s boyfriend, appellant Lamar James Crump, would care for him until R.S. returned home.

On June 25, R.S. dropped R.H. off around 8:30 p.m. While at J.W.'s apartment, R.H. played with J.W.'s grandson, ate dinner, and went to bed around 10:00 p.m. as usual. Around 3:30 a.m., J.W. heard R.H. fussing. She gave him a bottle and put him back to sleep. According to J.W., it was not uncommon for R.H. to wake up in the middle of the night and he appeared fine. Around 5:00 a.m. the next morning, J.W. brought R.H. back to R.S.'s apartment and left him with Crump.

Around 6:00 a.m., Crump went to put R.H. in the car. While retrieving the car seat, he noticed that R.H.'s eyes had rolled back into his head. He took R.H. to J.W.'s apartment, where M.F., J.W.'s daughter, answered the door. Crump was visibly shaken and told her something was wrong with R.H. M.F. took R.H. from him, put him on the floor, and told Crump to call 911. Paramedics responded and transported R.H. to the hospital. A pediatric neurologist determined that R.H. had a subdural hematoma. Emergency surgery relieved the pressure from the hematoma, but R.H. suffered permanent brain damage. R.H. also had a lacerated liver, multiple bruises, and an injury

to his forehead. It was estimated that the injury occurred after midnight, and likely within two hours of R.H. receiving medical attention.

Respondent State of Minnesota charged Crump with first-degree assault.[1] A jury found Crump guilty, and the district court sentenced Crump to 206 months in prison. Crump appeals.

## DECISION

The right to a jury trial includes the right to be tried on every element of the charged offense. *State v. Wright*, 679 N.W.2d 186, 191 (Minn. App. 2004), *review denied* (Minn. June 29, 2004). A defendant may waive the right to have a jury determine a particular element by stipulating to it, but the waiver must be made by the defendant either orally or in writing. *Id.* Defense counsel may not concede guilt without the defendant's consent or acquiescence. *Dukes v. State*, 660 N.W.2d 804, 812 (Minn. 2003). This includes implied concessions of guilt. *Id.* To determine if a statement is an implied concession of guilt, we analyze the statements "in the context of the totality of the circumstances of the trial." *Id.* at 813. A new trial is not required if the statements, when viewed in context, do not amount to a concession of guilt. *Id.* at 812.

Crump argues he is entitled to a new trial because defense counsel conceded Crump's guilt without his consent or acquiescence. During closing argument, defense counsel repeatedly referred to R.H.'s injuries as "non-accidental." Crump argues that by

---

[1] The state also charged and later dismissed a count charging malicious punishment of a child.

doing so, defense counsel conceded the injuries were intentional, and therefore that R.H. was assaulted—an element of the offense. We disagree for two reasons.

First, we are not persuaded that defense counsel conceded that R.H. was assaulted. When viewed in context, it appears defense counsel was merely arguing that the state had not met its burden of proof. Defense counsel argued that "[t]he [s]tate is required to prove each and every element of this offense" but that even after the state presented its case "we still don't know exactly or even close to exactly what happened to [R.H.]." Defense counsel further argued the jury was "left to guess" what "Crump supposedly did[.]" When the statements are taken together, it appears defense counsel is arguing that the state did not present sufficient evidence to meet its burden of proving the charged offense beyond a reasonable doubt.

Second, even if defense counsel implicitly conceded that R.H. was assaulted, counsel did not concede an element of the charged offense. The district court instructed the jury that the state had to prove beyond a reasonable doubt that (1) Crump assaulted R.H., (2) Crump inflicted great bodily harm[2] upon R.H., and (3) the assault occurred on June 26, 2014, in Dakota County. Accordingly, the state was required to prove not just that R.H. was assaulted, but that Crump was the person who assaulted him. Even if defense counsel's statements were interpreted to imply that R.H. was assaulted, they do not suggest that Crump was the person who assaulted him. Indeed, defense counsel's statements are consistent with his argument to the jury that it was "equally plausible" that

---

[2] Crump stipulated that R.H.'s injuries constituted great bodily harm.

J.W. woke up early and "got upset enough with [R.H.] to inflict these injuries."  In sum, when the statements are viewed in the context of the totality of the circumstances, they do not amount to a concession of Crump's guilt.

**Affirmed.**