STATE of Minnesota, Respondent,

v.

Brent Theodore KUHLMANN,
Appellant.

No. A09–0915.

Supreme Court of Minnesota.

Dec. 21, 2011.

*Republican Party of Minnesota v. White*, 536
U.S. 765, 793, 122 S.Ct. 2528, 153 L.Ed.2d

694 (2002) (Kennedy, J., concurring).

Lori Swanson, Attorney General, John B. Galus, Assistant Attorney General, St. Paul, MN; and Janelle Kendall, Stearns County Attorney, St. Cloud, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender, G. Tony Atwal, Assistant State Public Defender, St. Paul, MN, for appellant.

## OPINION

PAGE, Justice.

This case presents the issue of whether a defendant whose counsel stipulates to the defendant having previous convictions that are an element of the charged offense must also personally waive his or her right to a jury trial on the stipulated element. Appellant Brent Theodore Kuhlmann was convicted after a jury trial of one count of domestic assault, in violation of Minn.Stat. § 609.2242, subd. 4 (2010), and one count of test refusal, in violation of Minn.Stat. § 169A.25, subd. 1(b) (2010). On appeal, Kuhlmann argues that the trial court committed reversible error when it accepted a stipulation on elements of the charged offenses without advising him of his right to a jury trial on these elements and securing, either in writing or on the record, his personal waiver of the right to a jury trial on the stipulated elements. The court of appeals affirmed Kuhlmann's convictions in a published decision. For the reasons discussed below, we affirm Kuhlmann's convictions.

In the early morning hours of October 16, 2008, two police officers responded to a 911 call reporting a domestic dispute at a house in Sauk Centre. Upon arriving at the location, the officers heard yelling and the sound of things breaking inside. After forcibly entering the house, the officers encountered Kuhlmann and his girlfriend. The officers observed that Kuhlmann's girlfriend was wearing a white shirt that appeared to have been ripped and that her chest was red with blood, looking as though she had been struck. She also had scratches on her neck and it "looked like someone had their hand around her throat." Kuhlmann, whom the officers believed to be intoxicated, was tased after repeatedly refusing to come out of a bathroom. Kuhlmann was then arrested and transported to the police department.

Based on witness statements regarding the night's events, the officers had reason to believe that Kuhlmann had driven a motor vehicle while intoxicated. Kuhlmann was asked to take an alcohol breath test, which he refused.

Kuhlmann was subsequently charged with two counts of domestic assault, in violation of Minn.Stat. § 609.2242, subd. 4, and one count of test refusal, in violation of Minn.Stat. § 169A.25, subd. 1(b). Both of the charged offenses required the State to prove that Kuhlmann had certain qualifying previous convictions or qualifying events in order to convict him of the offenses.[1] At trial, Kuhlmann's counsel stipulated on the record that Kuhlmann had the required previous convictions for each of the offenses and asked that the jury not be informed that each offense had a previous-conviction element.[2] Kuhlmann also personally acknowledged that he had the qualifying previous convictions. As a result, the State did not present any evidence about Kuhlmann's previous convic-

tions, and the jury was not required to find that the State had met its burden of proving that Kuhlmann had the qualifying previous convictions necessary for conviction of the charged offenses.

Ultimately, the jury found Kuhlmann guilty of one count of domestic assault and one count of test refusal. The trial court convicted Kuhlmann of both offenses and sentenced him to 21 months in prison for the domestic assault and one year and one day for test refusal. The court stayed execution of both sentences and placed Kuhlmann on supervised probation for six years on the condition that Kuhlmann serve 180 days in the county jail.

At the court of appeals, Kuhlmann argued that the trial court committed reversible error when it failed to secure his personal waiver of the right to a jury trial on the previous-conviction elements of the charged offenses. *State v. Kuhlmann*, 780 N.W.2d 401, 404 (Minn.App.2010), *rev. granted* (Minn. June 15, 2011). The court of appeals held that the trial court erred

---

1. Minnesota Statutes § 609.2242, subd. 4, states:

   Whoever violates the provisions of this section or section 609.224, subdivision 1, *within ten years of the first of any combination of two or more previous qualified domestic violence-related offense convictions or adjudications of delinquency* is guilty of a felony and may be sentenced to imprisonment for not more than five years or payment of a fine of not more than $10,000, or both. (Emphasis added.)

   Minnesota Statutes § 169A.25, subd. 1(b), states:

   A person who violates section 169A.20, subdivision 2 (refusal to submit to chemical test crime), is guilty of second-degree driving while impaired if one aggravating factor was present when the violation was committed.

   An aggravating factor includes "*a qualified prior impaired driving incident within the ten years immediately preceding the current offense.*" Minn.Stat. § 169A.03, subd. 3(1) (2010) (emphasis added). A "qualified prior impaired driving incident" is either a previ-

ous impaired driving conviction or a "prior impaired driving-related loss of license," which includes the loss of driving privileges under the implied consent law. Minn.Stat. § 169A.03, subds. 21–22 (2010).

2. The record in this case indicates that Kuhlmann has previous convictions for domestic assault and fifth-degree assault and that he lost his driving privileges under the implied consent law after refusing a chemical test for the presence of alcohol. While the loss of Kuhlmann's driver's license is not a conviction, the principles addressed in this opinion apply with equal force whether the aggravating factor in a DWI case to which a defendant stipulates is a previous impaired driving conviction or a previous impaired driving-related loss of license. For ease of reference in this opinion, however, we will simply refer to Kuhlmann's previous convictions. When discussing the elements to which Kuhlmann stipulated, we will refer to them as "the previous-conviction elements."

because the trial court "should have obtained a personal, informed waiver before deleting [the previous-conviction] elements from the jury instructions." *Id.* Because Kuhlmann did not object to the error at trial, the court of appeals reviewed for plain error and affirmed the trial court's decision "because the error did not undermine the fairness or integrity of the judicial proceedings." *Id.* at 404–06.

## I.

██ Kuhlmann argues that he was denied his constitutional right to a jury trial on the previous-conviction elements of the charged offenses because the trial court accepted his stipulation to the previous convictions without obtaining his personal waiver of the right to a jury trial on those elements. A criminal defendant has a right to a jury trial, *Duncan v. Louisiana,* 391 U.S. 145, 149, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), that includes the right to "a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *United States v. Gaudin,* 515 U.S. 506, 510, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995); *accord State v. Vance,* 734 N.W.2d 650, 657 (Minn.2007). In Minnesota, the right to a jury trial attaches whenever the defendant is charged with an offense that has an authorized penalty of incarceration. Minn. R.Crim. P. 26.01,

subd. 1(1)(a); *see State v. Weltzin,* 630 N.W.2d 406, 410 (Minn.2001).

██ A defendant may also waive his right to a jury trial. *Patton v. United States,* 281 U.S. 276, 312, 50 S.Ct. 253, 74 L.Ed. 854 (1930) (affirming a defendant's right to waive a trial by jury), *overruled on other grounds by Williams v. Florida,* 399 U.S. 78, 92, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970); *State v. Pietraszewski,* 283 N.W.2d 887, 889–90 (Minn.1979) (citing Minn. R.Crim. P. 26.01, subd. 1(2)(a)). A defendant's waiver of his right to a jury trial on the elements of an offense must be knowing, intelligent, and voluntary. *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *State v. Dettman,* 719 N.W.2d 644, 651 (Minn.2006). The Minnesota Rules of Criminal Procedure further provide:

> The defendant, with the approval of the court, may waive a jury trial on the issue of guilt provided the defendant does so personally, in writing or on the record in open court, after being advised by the court of the right to trial by jury, and after having had an opportunity to consult with counsel.

Minn. R.Crim. P. 26.01, subd. 1(2)(a). We have held that a defendant must personally waive his or her right to a jury trial. *Dettman,* 719 N.W.2d at 650–51; *State v. Osborne,* 715 N.W.2d 436, 443–44 (Minn. 2006).[3] Whether a criminal defendant has been denied the right to a jury trial is a

3. The concurrence attempts to distinguish this case from *Osborne* by suggesting that *Osborne* stands for the proposition that a defendant cannot waive the right to a jury trial by silence and that, in contrast to waiver by silence, this case involves an affirmative act by the defendant—his stipulation to the prior conviction elements. The concurrence reads *Osborne* too narrowly, as it clearly required an affirmative act by the defendant himself or herself in order to waive the right to a jury trial. *See* 715 N.W.2d at 443–44 (stating that with respect to the waiver of the right to a jury trial, "our court rules require an affirmative waiver, i.e., one that is expressly made and supported by a demonstration that it is knowing, voluntary, and intelligent" and that, based on our well-settled law, the waiver of a right to a jury trial is subject to an "affirmative requirement that it be express"). Statements by Kuhlmann's counsel about stipulating to the previous-conviction elements of the charged offenses simply cannot be construed as Kuhlmann's personal waiver of the right to a jury trial on the previous-conviction elements.

constitutional question that we review de novo. *State v. Shattuck,* 704 N.W.2d 131, 135 (Minn.2005).

In *State v. Berkelman,* the defendant was found guilty under the DWI statute of driving with a blood-alcohol concentration of .10 or more within five years of a previous conviction. 355 N.W.2d 394, 395 (Minn.1984). The defendant argued that the trial court erred by allowing the State to introduce evidence of his previous DWI conviction because his offer to stipulate to the previous conviction eliminated the need for admitting the evidence. *Id.* We concluded that the previous DWI conviction was an element of the aggravated DWI offense, meaning that "the prior conviction is an element which the state must prove at trial and which defendant has a right to have a jury decide." *Id.* at 396. We went on to hold that the trial court erred in refusing to accept Berkelman's offer to remove the issue from the jury and stated:

> In the instant case the defendant in effect offered to waive his right to a trial by jury on one element of the offense and to judicially admit the existence of that element, thereby removing the issue from the case. He made his offer because he justifiably feared that the jury might impermissibly use its knowledge of his prior act of DWI in deciding whether he had driven under the influence at the time charged.

*Id.* at 397.

Relying on *Berkelman,* the State contends that Kuhlmann was not denied his right to a jury trial because a stipulation to a previous-conviction element implies a waiver of the right to a jury trial with respect to the stipulated element. But given that the issue in *Berkelman* was whether the trial court erred when it refused to accept the defendant's offer to remove the stipulated, previous-conviction element from the jury, we reject the contention that *Berkelman* goes as far as to support such an implication. Moreover, the State's reliance on *Berkelman* begs the question. The fact that defense counsel may stipulate to a previous-conviction element demonstrates nothing regarding the defendant's personal waiver of a right to a jury trial on that element. Rather, *Berkelman* states that a "prior conviction is an element which the state must prove at trial and which defendant has a right to have a jury decide." *Id.* at 396. Moreover, adopting the State's position that a defendant impliedly waives the right to a jury trial on an element of an offense through counsel's statement that the defendant wants to stipulate to the element is contrary to our cases holding that the defendant must personally waive his or her right to a jury trial.

The State also argues that a contemporaneous, on-the-record expression of Kuhlmann's personal waiver is not required if there is sufficient evidence in the record from which the trial court could have determined that he made a voluntary and intelligent waiver of his jury trial right. The State cites *State v. Pietraszewski,* in which we concluded that, although the trial court should have questioned the defendant more thoroughly when the defendant made his on-the-record expression of his waiver to a jury trial, the defendant had effectively waived his right to a jury trial because there was "sufficient evidence in the entire record from which the trial court could have determined that the defendant's waiver was voluntarily and intelligently made." 283 N.W.2d at 890. But *Pietraszewski* is distinguishable from the present case because, in this case, Kuhlmann made no on-the-record expression of his waiver.

Finally, the State relies on *State v. Prtine,* 784 N.W.2d 303, 317–18 (Minn. 2010), in which we concluded that a defen-

dant can be said to have acquiesced to his counsel's strategy to concede guilt on an element of an offense despite the absence of a personal, on-the-record consent to such a strategy. But *Prtine* is also distinguishable from the present case. *Prtine* involved an ineffective-assistance-of-counsel claim. *Id.* at 317. Although Prtine's defense counsel had conceded guilt through his statements in closing argument, the jury made the ultimate decision as to whether the State had proven intent. *Id.* Here, after Kuhlmann's counsel stipulated to Kuhlmann's previous convictions, the previous-conviction elements were completely removed from the jury, thereby relieving the State from having to prove those elements beyond a reasonable doubt.

In this case, Kuhlmann's counsel stipulated to the previous-conviction elements of the charged offenses, but Kuhlmann did not personally waive the right to a jury trial on those elements.[4] The trial court's failure to obtain Kuhlmann's personal waiver of the right to a jury trial on the previous-conviction elements of the charged offenses did not comport with the requirements of Minn. R.Crim. P. 26.01, subd. 1(2)(a). Therefore, we hold that Kuhlmann did not validly waive his right to a jury trial on the previous-conviction elements of the charged offenses.

## II.

■ Having determined that the trial court erred, we must next determine what standard of review to apply in reviewing the error. Kuhlmann contends that the denial of his right to a jury trial on the previous-conviction elements amounts to structural error requiring automatic reversal. Generally, most constitutional errors are reviewed for harmless error. *Arizona v. Fulminante,* 499 U.S. 279, 306, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) ("[T]he Court has applied harmless-error analysis to a wide range of errors and has recognized that most constitutional errors can be harmless."); *State v. Conklin,* 444 N.W.2d 268, 275 (Minn.1989) ("When constitutional errors are involved, the state has the burden to show that the errors are harmless beyond a reasonable doubt by showing

---

4. Relying on our decisions in *State v. Grilli,* 304 Minn. 80, 95, 230 N.W.2d 445, 455 (1975), and *State v. Ford,* 276 N.W.2d 178, 183 (Minn.1979), the concurrence argues that Kuhlmann ratified his counsel's stipulation to the previous-conviction elements and made it his personal act. In *Grilli,* 304 Minn. at 95, 230 N.W.2d at 455, we held that if a defendant wanted to have an entrapment defense decided by the court, and not the jury, the defendant "must in open court or in writing waive a jury trial as to that issue." In *Ford,* we rejected the defendant's argument that "the waiver of a jury trial on the entrapment issue was invalid because defendant himself did not waive the defense in open court." 276 N.W.2d at 183. The court stated that while it intended in *Grilli* "to make it clear that the waiver should be by defendant, not by his counsel, in this case defendant was present when his counsel made the waiver and defendant may well be said to have ratified the waiver and made it his personal act." *Id.* at 183. *Ford,* however, is distinguishable. *Ford* did not involve the waiver of the right to a jury trial on an element of an offense; it involved a defendant waiving the right to a jury trial on an affirmative defense. We do not think that *Ford* should be extended to allow a defendant to impliedly waive his or her right to a jury trial on an element of an offense based on the actions of counsel. If we allow a defendant to impliedly waive the right to a jury trial on an element of an offense through the actions of counsel, then the same rationale would permit the implied waiver of the right to a jury trial on all elements of an offense and the entry of a valid guilty plea based on the actions of counsel. Applying the reasoning of the concurrence, a defendant could waive his or her right to a jury trial and enter a valid guilty plea based upon counsel informing the district court in the defendant's presence that the defendant wanted to waive his or her right to a jury trial, stipulate to the elements of the charged offense, and enter a guilty plea.

that the error did not contribute to the verdict obtained."). At the same time, there are a "very limited class of" errors, referred to as structural errors, that require automatic reversal of a conviction. *Johnson v. United States,* 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

Structural errors are "defects in the constitution of the trial mechanism, which defy analysis by 'harmless-error' standards." *Fulminante,* 499 U.S. at 309–10, 111 S.Ct. 1246. With such errors, "[t]he entire conduct of the trial from beginning to end is obviously affected," and without the basic protections guaranteed by the right being violated, "no criminal punishment may be regarded as fundamentally fair." *Id.; see also Vasquez v. Hillery,* 474 U.S. 254, 263–64, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986) (stating that an error that undermines the basic "structural integrity of the criminal tribunal itself . . . is not amenable to harmless-error review"). Only a small number of errors have been found to be structural errors. *See, e.g., Sullivan v. Louisiana,* 508 U.S. 275, 281–82, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993) (constitutionally deficient reasonable-doubt jury instruction); *Fulminante,* 499 U.S. at 309, 111 S.Ct. 1246 (total deprivation of the right to counsel at trial); *Gray v. Mississippi,* 481 U.S. 648, 668, 107 S.Ct. 2045, 95 L.Ed.2d 622 (1987) (right to an impartial judge); *Waller v. Georgia,* 467 U.S. 39, 49–50, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984) (denial of the right to a public trial); *McKaskle v. Wiggins,* 465 U.S. 168, 177–78 n. 8, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984) (denial of the right to self-representation at trial); *State v. Logan,* 535 N.W.2d 320, 324–25 (Minn. 1995) (prejudice resulting from failure to dismiss a potential juror for cause).

In contrast, a "trial error" is an "error which occurred during the presen-tation of the case to the jury, and which may therefore be quantitatively assessed in the context of other evidence presented in order to determine whether its admission was harmless beyond a reasonable doubt." *Fulminante,* 499 U.S. at 307–08, 111 S.Ct. 1246; *see, e.g., Carella v. California,* 491 U.S. 263, 266, 109 S.Ct. 2419, 105 L.Ed.2d 218 (1989) (jury instruction containing erroneous conclusive presumption); *Crane v. Kentucky,* 476 U.S. 683, 691, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986) (erroneous exclusion of defendant's testimony regarding the circumstances of his confession); *Moore v. Illinois,* 434 U.S. 220, 232, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977) (admission of identification evidence in violation of the Sixth Amendment Counsel Clause). This court has routinely rejected a defendant's claim that errors committed during a trial should be considered structural error. *See, e.g., State v. Dalbec,* 800 N.W.2d 624, 627 (Minn.2011) (holding that defense counsel's failure to submit written closing argument, as defense counsel and the State had agreed to do, was not structural error); *State v. Finnegan,* 784 N.W.2d 243, 251 n. 6 (Minn.2010) (holding that error in continuing trial in the defendant's absence was not structural error); *State v. Yang,* 774 N.W.2d 539, 557 (Minn.2009) (holding that correcting jury instructions while the district court was reading the instructions to the jury was not structural error); *State v. Dahlin,* 753 N.W.2d 300, 302 n. 4 (Minn.2008) (noting that the denial of the right to peremptorily remove a judge is not structural error); *State v. Everson,* 749 N.W.2d 340, 348 (Minn.2008) (allowing employee from the county attorney's office to be present while the jury reviewed recorded a statement during jury deliberations was not structural error).

We conclude that the trial court's failure to obtain Kuhlmann's personal waiver of his right to a jury trial on the

previous-conviction elements of the charged offenses does not amount to structural error. *See Neder v. United States,* 527 U.S. 1, 15, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (holding that the failure to instruct the jury on an element of the offense was not structural error); *Johnson,* 520 U.S. at 468–70, 117 S.Ct. 1544 (suggesting that the erroneous determination by the trial judge and not the jury on the materiality element in a perjury trial was not structural error). Kuhlmann received a jury trial on all of the elements of the charged offenses except for the previous-conviction elements. Although the trial court should have obtained Kuhlmann's personal waiver of the right to a jury trial on the previous-conviction elements, it is significant that even if the trial court had obtained Kuhlmann's personal waiver, the trial would have proceeded in exactly the same manner as it did. The jury would have been presented with the same arguments and evidence with which it was presented, and the jury would have received the same jury instructions it received when the trial court had not obtained Kuhlmann's personal waiver.

Moreover, Kuhlmann's arguments do not suggest that there was a defect in the constitution of the trial. He does not argue that he did not want to stipulate to the previous-conviction elements, that he wanted the State to be allowed to present evidence of his previous convictions to the jury, or that he wanted the jury to determine the previous-conviction elements of the offenses. In fact, Kuhlmann points to no defect in the trial mechanism or the framework within which the trial proceeded. Instead, the error about which Kuhlmann complains was an error in the process or procedure the trial court used when it accepted the stipulation to the previous-conviction elements of the charged offenses because the court failed to obtain Kuhlmann's personal waiver of

his right to a jury trial on the elements of the charged offenses. *See Neder,* 527 U.S. at 8, 119 S.Ct. 1827 (stating that cases involving structural error "contain a 'defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself'" (quoting *Fulminante,* 499 U.S. at 310, 111 S.Ct. 1246)). Therefore, we conclude that the trial court's failure to obtain a personal waiver in this case falls into the category of "trial errors" occurring in the prosecution of the case, rather than a defect in the constitution of the trial mechanism.

■■■■ Kuhlmann also argues that the court of appeals erred in applying the plain error standard of review. The plain error analysis allows an appellate court to consider an unobjected-to error that affects a criminal defendant's substantial rights. *State v. Reed,* 737 N.W.2d 572, 583 (Minn. 2007); *see* Minn. R.Crim. P. 31.02 ("Plain error affecting a substantial right can be considered by the court on motion for new trial, post-trial motion, or on appeal even if it was not brought to the trial court's attention."); *see also State v. Schlienz,* 774 N.W.2d 361, 365 (Minn.2009) (stating that an unobjected-to error is reviewed for plain error). Here, Kuhlmann never objected to the trial court's failure to obtain his personal waiver of his right to a jury trial on the previous-conviction elements of the charged offenses when it accepted his stipulation to those elements. Therefore, we conclude that the error should be reviewed for plain error.

### III.

■■■■ Under plain error analysis, we must determine whether there was error, that was plain, and that affected the defendant's substantial rights. *State v. Griller,* 583 N.W.2d 736, 740 (Minn.1998). If each of these prongs is met, we will address the

error only if it seriously affects the fairness and integrity of the judicial proceedings. *Id.* An error is "plain" if it is clear or obvious. *State v. Jones,* 753 N.W.2d 677, 686 (Minn.2008). An error affects substantial rights if the error was prejudicial and affected the outcome of the case. *Griller,* 583 N.W.2d at 741.

■ We conclude that the plain error standard is not met because the error did not affect Kuhlmann's substantial rights. The trial court's failure to obtain Kuhlmann's personal waiver of his right to a jury trial on the previous-conviction elements of the charged offenses was not prejudicial and did not affect the outcome of the case. With respect to any prejudice from the trial court's failure to secure Kuhlmann's personal waiver of his right to a jury trial on the previous-conviction elements of the charged offenses, we note that Kuhlmann's stipulation to the previous-conviction elements had the effect of protecting Kuhlmann from the possibility that the jury might improperly use his previous convictions as evidence that he committed the current offenses. The stipulation prevented evidence of his criminal history from being presented to the jury. *See Berkelman,* 355 N.W.2d at 396–97 (explaining that, contrary to the general rule that a defendant's offer to stipulate to a fact does not take away the State's right to offer evidence on that point, a defendant is allowed to stipulate to an element of a DWI charge that the defendant was previously convicted of DWI out of concern the jury might improperly use evidence of his previous act of DWI to decide whether he is guilty of the current charge). As such, Kuhlmann benefitted from the stipulation and was able to receive a fair trial.

We further conclude that the failure to obtain Kuhlmann's personal waiver of his right to a jury trial on the previous-conviction elements of the charged offenses to which he stipulated did not affect the outcome of the case. Kuhlmann never challenged the existence of his previous convictions; instead, he personally admitted on the record that he had the requisite previous convictions for each charged offense. He also did not challenge the validity or admissibility of his stipulations. Because the State could have readily proven the conviction-based elements of the charged offenses, it was in Kuhlmann's interest to stipulate to his previous convictions and remove the previous-conviction elements from the jury's consideration. Because we hold that the error did not affect Kuhlmann's substantial rights, we need not consider whether the error was plain, or whether the error seriously affects the fairness and integrity of the judicial proceedings. *See State v. Goelz,* 743 N.W.2d 249, 258 (Minn.2007) ("If a defendant fails to establish that the claimed error affected his substantial rights, we need not consider the other [plain error] factors.").

ANDERSON, G. BARRY, Justice (concurring).

I concur in the result reached by the majority. I agree that the error here, if any, was not structural in character and I agree that Kuhlmann's substantial rights were not violated.

I disagree, however, with the majority's conclusion that the failure to obtain Kuhlmann's personal waiver was error.

I begin with the observation that a defendant may waive his right to a jury trial. *Patton v. United States,* 281 U.S. 276, 312, 50 S.Ct. 253, 74 L.Ed. 854 (1930) (affirming a defendant's right to waive a trial by jury), *overruled on other grounds by Williams v. Florida,* 399 U.S. 78, 92, 90

S.Ct. 1893, 26 L.Ed.2d 446 (1970); *State v. Pietraszewski*, 283 N.W.2d 887, 889–90 (Minn.1979) (citing Minn. R.Crim. P. 26.01, subd. 1(2)(a)). A defendant's waiver of his right to a jury trial on the elements of an offense must be knowing, intelligent, and voluntary. *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *State v. Dettman*, 719 N.W.2d 644, 651 (Minn.2006). The Minnesota Rules of Criminal Procedure state:

> The defendant, with the approval of the court, may waive a jury trial on the issue of guilt provided the defendant does so personally, in writing or on the record in open court, after being advised by the court of the right to trial by jury, and after having had an opportunity to consult with counsel.

Minn. R.Crim. P. 26.01, subd. 1(2)(a). The satisfaction of Minn. R.Crim. P. 26.01, subd. 1(2)(a), also meets the constitutional requirements of a knowing, intelligent, and voluntary waiver. *See Dettman*, 719 N.W.2d at 651.

Here, Kuhlmann argues that the district court failed to secure his personal waiver as required by Minn. R.Crim. P. 26.01, subd. 1(2)(a), on the previous-conviction elements of the charged offenses.

While it is undisputed that Kuhlmann did not personally waive his right to a jury trial to determine whether he had been previously convicted, it is also well established that a defendant may be deemed to ratify and adopt as a personal act the actions of counsel performed in the defendant's presence. *State v. Prtine*, 784 N.W.2d 303, 318 (Minn.2010); *State v. Ford*, 276 N.W.2d 178, 183 (Minn.1979); *State v. Grilli*, 304 Minn. 80, 95, 230 N.W.2d 445, 455 (1975). In *Ford*, we rejected appellant's argument that the waiver of a jury trial on the issue of entrapment was invalid because the defendant did not waive the issue in open court. 276 N.W.2d at 183. The appellant argued that waiver was invalid because it did not conform with *Grilli*, 304 Minn. at 95, 230 N.W.2d at 455, which requires that a defendant who wishes the court to hear the issue of entrapment "must in open court or in writing waive a jury trial as to that issue." *Id.* In *Ford*, rather than securing the defendant's waiver, the defense counsel, in defendant's presence, stated that he was submitting the issue to the court. *Id.* We held that waiver was sufficiently established, explaining that "[w]hile we intended [in *Grilli*] to make it clear that the waiver should be by defendant, not by his counsel, in this case defendant was present when his counsel made the waiver and defendant may well be said to have ratified the waiver and made it his personal act." *Id.* We also noted that the language in *Grilli* requiring waiver "in open court or in writing" is similar to the language in Minn. R.Crim. P. 26.01, subd. 1(2)(a). *Ford*, 276 N.W.2d at 183 n.1.[1]

---

1. In *State v. Halseth*, the court of appeals rejected the State's argument that defendant's presence during his attorney's stipulation to defendant's rights to cross-examination and presentation of evidence constituted defendant's ratification of the waivers entered by his counsel. 653 N.W.2d 782, 785 (Minn. App.2002). In response to the State's reliance on our decision in *Ford*, the court of appeals stated, in part, that: "*Ford* predates the provision in rule 26.01 that requires a defendant's personal waiver of his or her trial rights. The rule specifically requires a personal waiver by a defendant and thus precludes any implied ratification of an attorney's waiver by a defendant's mere presence, as in *Ford*." *Id.*

But in *Ford*, we specifically referred to the language of Minn. R.Crim. P. 26.01, subd. 1(2)(a):

> The defendant, with the approval of the court may waive jury trial provided he does so personally in writing or orally upon the record in open court, after being advised by the court of his right to trial by jury and

I conclude that the principle set forth in *Ford* is applicable here. Defense counsel repeatedly notified the district court, in the presence of Kuhlmann, of the intention to stipulate to Kuhlmann's previous convictions. Specifically, on the first day of trial, defense counsel twice notified the district court of the intent to stipulate to the previous-conviction elements. On the second day of trial, defense counsel did not challenge the State's verification of Kuhlmann's previous convictions or the district court's amendment of the jury instructions excluding the previous-conviction elements. Defense counsel also argued *against* the State's subsequent request to introduce evidence of Kuhlmann's previous convictions to demonstrate modus operandi, common scheme, or common occurrence. Kuhlmann was present during each of these instances and he does not contend, nor does the record establish, that he was opposed to his counsel's actions. Therefore, I would conclude that, under these facts, like *Ford,* Kuhlmann's presence during his counsel's stipulation to the previous-conviction elements of the charged offenses may well be said to have constituted Kuhlmann's ratification of the stipulations making it his personal act. *See* 276 N.W.2d at 183.

Moreover, I would conclude that Kuhlmann's stipulation to his previous convictions served as ·a waiver of his right to a jury trial on the previous-conviction elements of the charged offenses. A defendant who wishes to keep prejudicial evidence of criminal history from the jury may stipulate to a previous-conviction element of a charged crime. *See State v. Berkelman,* 355 N.W.2d 394, 396–97 (Minn. 1984) (relying on *Davidson* to conclude

that the trial court erred in refusing defendant's stipulation to a previous-conviction element of a charged offense); *State v. Davidson,* 351 N.W.2d 8, 11–12 (Minn. 1984) (holding that the trial court erred in denying defendant's motion to stipulate to his previous-conviction in order to keep the jury from learning he was a convicted felon). Both *Davidson* and *Berkelman* recognize that evidence of a defendant's previous convictions may create unfair prejudice when introduced to the jury such that, unless the district court determines that the evidence is more probative than prejudicial, the district court must accept the defendant's stipulation to a previous-conviction element. *Berkelman,* 355 N.W.2d at 396–97; *Davidson,* 351 N.W.2d at 12. We therefore concluded in *Berkelman* that when a defendant stipulates to a conviction and asks the court not to submit the element of a previous conviction to the jury, the defendant "in effect offer[s] to waive his right to a trial by jury on [the] element of the offense and to judicially admit the existence of that element, thereby removing the issue from the case." 355 N.W.2d at 397.

In this case, Kuhlmann was charged with two counts of domestic assault, in violation of Minn.Stat. § 609.2242, subd. 4 (2010), and one count of test refusal, in violation of Minn.Stat. § 169A.25, subd. 1(b) (2010). The statutes for these offenses contain previous-conviction elements and Kuhlmann's attorney twice notified the district court of defendant's intent to stipulate to those elements. Absent a finding that the evidence of Kuhlmann's previous convictions was more probative than prejudicial, the district court was required to accept Kuhlmann's stipulation to

---

after having an opportunity to consult with counsel.

276 N.W.2d at 183 n. 1 (quoting Minn. R.Crim. P. 26.01, subd. 1(2)(a)). Thus, the language of the rule was the same at the time of the decision in *Ford* as it was at the time of

the court of appeals' decision in *Halseth,* and remains the same today. Therefore, I reject the notion that our decision in *Ford* did not contemplate a personal waiver requirement as part of Minn. R.Crim. P. 26.01, subd. 1(2)(a).

those elements and the previous-conviction elements were subsequently removed from the jury instructions. *See Berkelman,* 355 N.W.2d at 396–97. Accordingly, I would conclude that Kuhlmann's stipulation to his previous convictions in effect waived his right to a jury trial on the previous-conviction elements. *See id.* at 397.

To be clear, I am in no way suggesting that a defendant's silence may constitute a waiver of the right to a jury trial on the issue of guilt. *State v. Osborne,* 715 N.W.2d 436, 442 (Minn.2006) ("When it comes to the waiver of at least two fundamental rights, the right to a jury trial and the right to counsel, our law is clear that these rights cannot be waived by silence."). In contrast to waiver by silence, a defendant's stipulation to a previous-conviction element involves an affirmative act by the defendant. We also distinguish the situation presented here from a trial on stipulated facts. *See* Minn. R.Crim. P. 26.01, subd. 3. "The right of a trial by jury shall remain inviolate," Minn. Const. art. 1, § 4, and our caselaw requires that a defendant's waiver of that fundamental right be accompanied by "searching questions" in order for the court to be satisfied that "the defendant was informed of his rights and that his waiver was voluntary." *State v. Ross,* 472 N.W.2d 651, 653 (Minn.1991). Consistent with our constitution and caselaw, I would conclude that a defendant's affirmative act of stipulating to a previous-conviction element meets the requirements of an informed and voluntary waiver of his right to a trial by jury on the previous-conviction element. ·

GILDEA, Chief Justice (concurring).

I join in the concurrence of Justice G. Barry Anderson.