*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0074**

State of Minnesota,
Respondent,

vs.

Vida Kay Bjorklund,
Appellant.

**Filed March 2, 2015
Affirmed
Johnson, Judge**

Crow Wing County District Court
File No. 18-CR-12-1196

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Donald F. Ryan, Crow Wing County Attorney, Candace Prigge, Assistant County Attorney, Brainerd, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, David W. Merchant, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Worke, Judge; and Johnson, Judge.

UNPUBLISHED OPINION

**JOHNSON**, Judge

A Crow Wing County jury found Vida Kay Bjorklund guilty of aiding an offender to avoid arrest. On appeal, Bjorklund argues that the district court erred by failing to obtain her personal waiver of her right to a jury trial when she stipulated to two elements of the offense and by failing to instruct the jury on the requirement that it reach a unanimous verdict. We affirm.

## FACTS

On the evening of March 1, 2012, Crow Wing County Sheriff's Deputies Todd Holk and Phillip Stanley went to Bjorklund's home to arrest M.B. for his failure to appear on a felony charge. Bjorklund and M.B. had divorced in November 2011, but law enforcement records still showed Bjorklund's home as M.B.'s place of residence.

Deputy Holk had viewed photographs of M.B. and Bjorklund earlier that evening. As the deputies approached the house, Deputy Holk saw through a window that M.B. was standing inside the house before M.B. ducked away from the window. Deputy Holk knocked loudly on the front door and informed M.B. that they had a warrant for his arrest. Deputy Holk received no response and continued to knock on the door.

As Deputy Holk was knocking, Bjorklund drove into the driveway. She asked the deputies why they were there; they explained that they were executing a warrant for the arrest of M.B. and had seen him inside the house. She stated that there was no one in the house and demanded that the deputies leave. Deputy Holk asked Bjorklund whether she had a key to the house; she said that she did not have a key with her. Bjorklund called

911 and asked to have someone "come out and take these officers off my property." The dispatcher told her that the deputies were there to execute an arrest warrant. She called 911 two more times to complain about the officers being on her property, and the dispatcher told her to stop calling. After Deputy Holk requested back-up, three more law-enforcement officers came to the home. Deputy Holk kicked open the front door. Once inside, the officers found M.B. in a bedroom. The officers arrested M.B. and brought him to the county jail.

While awaiting arraignment, M.B. called Bjorklund from the jail and asked her to bring him a phone card. Bjorklund told him to "plead the fifth" and "don't say nothin'." She also indicated that she was consulting with an attorney about M.B.'s arrest. Before the call ended, she said, "we'll figure it out, okay?"

On March 19, 2012, the state charged Bjorklund with one count of aiding an offender to avoid arrest, in violation of Minn. Stat. § 609.495, subd. 1(a) (2012). Before trial, the parties stipulated "that [M.B.] was charged with a felony level offense on December 27, 2011, that Vida Kay Bjorklund was an alleged victim of that crime and the warrant for arrest was for failing to appear in court for that offense." The case was tried on one day in July 2013. The state called two witnesses: Deputy Holk and Deputy Stanley. The state also played for the jury audio-recordings of Bjorklund's three 911 calls and M.B.'s call to Bjorklund from jail. M.B. testified for the defense, and Bjorklund testified on her own behalf.

During the instructions conference, the district court expressed concerns about whether the stipulation was consistent with the evidence presented at trial. Specifically,

3

the district court asked counsel whether the state sought to prove that Bjorklund aided M.B.'s pending felony charges or M.B.'s failure to appear. The stipulation stated that the arrest warrant was for M.B.'s failure to appear, but Deputy Holk had testified that "the warrant was for introducing methamphetamine to a child." The prosecutor clarified that the arrest warrant was for M.B.'s failure to appear on the pending felony offense. The district court also identified some confusion concerning the stipulation's statement that Bjorklund was a victim of M.B's predicate offense; the district court observed that the state's evidence did not indicate that Bjorklund was a victim. The parties agreed to amend the stipulation to say that Bjorklund was a witness to M.B's predicate offense. Ultimately, the district court incorporated the stipulation into the marshaling instruction as follows:

> The elements of aiding an offender are:
>
> First, the person aided by the Defendant committed a crime.
>
> Second, the Defendant knew that the other person had committed a crime. To know requires only that the Defendant believed that the other person had committed the crime.
>
> The Defendant has stipulated that [M.B.] was charged with a felony level offense on December 27, 2011, that Vida Bjorklund was a witness to that crime, and that a warrant for [M.B.'s] arrest was for failing to appear in court for that offense.
>
> Third, the Defendant harbored, concealed, or aided the other person. . . .

The jury found Bjorklund guilty. The district court imposed a sentence of one year and one day of imprisonment but stayed execution of the sentence and ordered probation and jail time. Bjorklund appeals.

## D E C I S I O N

### I.  Right to Jury Trial

Bjorklund argues that the district court erred by failing to obtain her personal waiver of her right to a jury trial when the district court accepted the stipulation concerning M.B.'s predicate offense and the arrest warrant.

A defendant has a constitutional right to a jury trial if she is charged with an offense that is punishable by incarceration. U.S. Const. amend. VI; Minn. Const. art. I, §§ 4, 6; *State v. Weltzin*, 630 N.W.2d 406, 410 (Minn. 2001). The right to a jury trial includes the right to be tried by a jury on each element of the charged offense. *State v. Kuhlmann*, 806 N.W.2d 844, 848 (Minn. 2011). A defendant may, however, waive her right to a jury trial with respect to one or more elements of the charged offense by stipulating to facts that satisfy that element. *Id.* In Minnesota, the right to a jury trial on each element of the charged offense must be waived "personally, in writing or on the record in open court, after being advised by the court of the right to trial by jury." Minn. R. Crim. P. 26.01, subd. 1(2)(a).

This court applies a *de novo* standard of review when analyzing whether a criminal defendant has been denied the right to a jury trial. *Kuhlmann*, 806 N.W.2d at 848-49. Because Bjorklund did not object to the district court's failure to obtain her personal waiver, we review for plain error. *Id.* at 852; *see also* Minn. R. Crim. P. 31.02.

Under the plain-error test, an appellant is not entitled to relief on an issue to which no objection was made at trial unless (1) there is an error, (2) the error is plain, and (3) the error affects the appellant's substantial rights. *State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998). An error is "plain" if it is clear or obvious under current law, and an error is clear or obvious if it "contravenes a rule, case law, or a standard of conduct, or when it disregards well-established and longstanding legal principles." *State v. Brown*, 792 N.W.2d 815, 823 (Minn. 2011). An error affects the defendant's substantial rights "if the error was prejudicial and affected the outcome of the case." *Griller*, 583 N.W.2d at 741. If the first three requirements of the plain-error test are satisfied, we must consider the fourth requirement, whether the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *State v. Washington*, 693 N.W.2d 195, 204 (Minn. 2005) (quotation omitted). If we conclude that any requirement of the plain-error test is not satisfied, we need not consider the other requirements. *State v. Brown*, 815 N.W.2d 609, 620 (Minn. 2012).

The statute setting forth the offense of which Bjorklund was convicted states that a person commits a crime if she

> harbors, conceals, aids, or assists by word or acts another whom the actor knows or has reason to know has committed a crime under the laws of this or another state or of the United States with intent that such offender shall avoid or escape from arrest, trial, conviction, or punishment.

Minn. Stat. § 609.495, subd. 1(a). In this case, the parties' stipulation essentially established that M.B. committed a crime and that Bjorklund knew that he committed a crime, which left the jury to decide only whether Bjorklund harbored, concealed, aided,

6

or assisted M.B. in his effort to avoid or escape. *See State v. Hager*, 727 N.W.2d 668, 673 (Minn. App. 2007) (explaining elements of aiding offender).

Our review of the record confirms Bjorklund's argument that the district court did not obtain her personal waiver of her right to a jury trial on the stipulated elements. The state does not contend that the district court did not err by failing to do so, which effectively is a concession of that issue. The state's responsive brief is confined to the third requirement of the plain-error test, which asks whether the absence of a personal waiver affected Bjorklund's substantial rights. *See Griller*, 583 N.W.2d at 741. In light of the existing caselaw, the district court erred by not obtaining Bjorklund's personal waiver of her right to a jury trial on the two stipulated elements, and the error was plain. *See Kuhlmann*, 806 N.W.2d at 852.

Accordingly, we will analyze the third requirement of the plain-error test, which asks whether the district court's "error was prejudicial and affected the outcome of the case." *Griller*, 583 N.W.2d at 741. Bjorklund bears a "heavy burden" of persuasion on the third requirement of the plain-error test. *Id.*; *see also State v. Davis*, 820 N.W.2d 525, 535 (Minn. 2012). Bjorklund contends that the district court's error was prejudicial because she did not benefit from the stipulation. In *Kuhlmann*, the supreme court held that the defendant was not prejudiced by the district court's failure to obtain a waiver of his jury-trial rights on the previous-conviction element of his offense, in part because the stipulation benefitted him by "protecting [him] from the possibility that the jury might improperly use his previous convictions as evidence that he committed the current offenses." 806 N.W.2d at 853. In this case, the stipulation made it unnecessary for the

7

state to introduce evidence that M.B. had committed a crime when he gave methamphetamine to a child and that Bjorklund witnessed the crime. If the jury had heard the allegations against M.B., and had learned that Bjorklund witnessed M.B.'s predicate offense, the jury easily could have believed that Bjorklund was partially responsible for that crime, especially in light of her supportive statements to M.B. when he called her from jail. In fact, the record indicates that counsel for the parties entered into the stipulation to avoid any reference to the child who allegedly was given methamphetamine. As in *Kuhlmann*, the stipulation in this case protected Bjorklund from the likelihood of prejudice. Thus, we reject her argument that the stipulation did not benefit her.

Bjorklund also contends that the stipulation prejudiced her because it was the only evidence in the record to satisfy the knowledge element of the offense. In *Kuhlmann*, the supreme court held that the district court's failure to obtain the defendant's jury-trial waiver on stipulated elements was not prejudicial "[b]ecause the [s]tate could have readily proven" the stipulated elements. *Id.* In this case, it appears that there was no dispute that M.B. had committed a crime and that Bjorklund knew about it, which indicates that the state could have proven the first and second elements, if necessary. While discussing the stipulation, the prosecutor stated that Bjorklund knew that M.B. had given a statement in which he admitted giving methamphetamine to a child, and Bjorklund's counsel did not disagree with the prosecutor's statement. Bjorklund does not address whether the state could have proved the stipulated elements; she merely contends that the state did not offer any other evidence to prove the knowledge element. But the

8

reason for the absence of such evidence is obvious: the stipulation itself. In light of the stipulation, it would have been error for the district court to allow the state to introduce evidence of M.B.'s crime or Bjorklund's knowledge of the crime. *See State v. Berkelman*, 355 N.W.2d 394, 396-97 (Minn. 1984). Bjorklund has not demonstrated that, absent the stipulation, the state would not have been able to prove the first and second elements.

Thus, the district court's error in failing to obtain Bjorklund's personal waiver of her right to a jury trial did not affect the outcome of the trial and, therefore, is not reversible error.

## II. Jury Instructions

Bjorklund also argues that the district court erred when instructing the jury by failing to "identify the crime committed by [M.B.] which Bjorklund was alleged to have aided."

A district court must instruct the jury in a way that "fairly and adequately explain[s] the law of the case" and does not "materially misstate[] the applicable law." *State v. Koppi*, 798 N.W.2d 358, 362 (Minn. 2011). A district court has "considerable latitude" in selecting language for jury instructions. *State v. Gatson*, 801 N.W.2d 134, 147 (Minn. 2011) (quotation omitted). Accordingly, we apply an abuse-of-discretion standard of review to a district court's jury instructions. *Koppi*, 798 N.W.2d at 361. Because Bjorklund did not object to the jury instruction at trial, we review for plain error. *State v. Baird*, 654 N.W.2d 105, 113 (Minn. 2002); *Griller*, 583 N.W.2d at 740-41.

9

Bjorklund's argument is based on the requirement that the jury reach a unanimous verdict. *See* Minn. R. Crim. P. 26.01, subd. 1(5). "Where jury instructions allow for possible significant disagreement among jurors as to what acts the defendant committed, the instructions violate the defendant's right to a unanimous verdict." *State v. Stempf*, 627 N.W.2d 352, 354 (Minn. App. 2001). If a defendant is charged with a violation of section 609.495, subdivision 1(a), a district court must specify "what predicate conduct by the original offender constitutes the crime." *Hager*, 727 N.W.2d at 673. "Specificity in an aiding-the-offender offense instruction is important," because "unless the full jury identifies the offender's criminal act that the accused has aided, the accused may be denied the right to a unanimous verdict." *Id.* at 673-74.

Bjorklund contends that the district court erred because, she asserts, the stipulation refers to two predicate offenses that were committed by M.B., without requiring the jury to unanimously agree on which offense Bjorklund aided. According to Bjorklund, the two offenses are, first, M.B.'s commission of a felony for giving methamphetamine to a child and, second, M.B.'s failure to appear in court on that felony charge. The state contends, however, that the stipulation identifies only one predicate offense, namely, the felony for giving methamphetamine to a child. Although the stipulation refers to M.B.'s failure to appear, the stipulation does not characterize his failure to appear as a separate predicate crime. The reference to M.B.'s failure to appear seems to have been included in the stipulation only to allow the jury to make a connection between M.B.'s predicate crime and M.B.'s arrest, which was the occasion when Bjorklund aided him. Because Bjorklund stipulated to only one predicate crime, it was unnecessary for the district court

10

to instruct the jury on the unanimity requirement. Thus, the district court did not err in its jury instructions.

**Affirmed.**