*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0286**

State of Minnesota,
Respondent,

vs.

Kong Pheng Vue,
Appellant.

**Filed January 17, 2017
Affirmed
Schellhas, Judge**

Ramsey County District Court
File No. 62-CR-15-4355

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jessica Merz Godes, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Schellhas, Presiding Judge; Cleary, Chief Judge; and Ross, Judge.

## UNPUBLISHED OPINION

**SCHELLHAS**, Judge

Appellant challenges his convictions for possession of a firearm by an ineligible person and motor-vehicle theft. We affirm.

# FACTS

At around 6:00 p.m., on June 11, 2015, J.W. parked his Jeep outside his garage at his Shoreview home, left his key in it, and went into his home. While talking to his wife in his kitchen, J.W. noticed an Asian man walk through his backyard toward the garage. The man had long hair and glasses and was carrying a backpack. J.W. left the house to investigate, but before he could confront the man, the man got into J.W.'s Jeep. J.W. returned to his home and called 911. While speaking to the dispatcher, J.W. watched the man back the Jeep down his driveway and head north on Reiland Lane, which is a dead end.

Shortly after 6:00 p.m., about a quarter mile down the road from J.W.'s home, C.V. was parked in his driveway, talking on his cellphone, when a Jeep pulled up behind him, turned around, and parked about 50 feet away. The driver, an Asian man with long hair and glasses, exited the Jeep and began walking along the side of C.V.'s house toward a nearby lake. C.V. approached the man and asked him if he needed help. The man replied that he was going fishing. C.V. noticed that the man was carrying a backpack but not a fishing pole. C.V. informed the man that he was on private property and could not fish there. The man continued walking into C.V.'s backyard.

Intending to call the police, C.V. walked to the front of his home where he encountered Ramsey County Sheriff's Deputy Jacob French, who informed him that the Jeep was stolen. C.V. pointed the deputy in the direction of the man who had exited the Jeep. Additional deputies arrived and began searching the area. Behind C.V.'s home, the deputies located an Asian man carrying a backpack and a shoulder bag. Deputy French saw

the man throw the backpack about ten feet and then sit down on a patio chair. The deputies apprehended the man and searched him. The shoulder bag contained a Wisconsin identification card for Kong Pheng Vue. The backpack contained a .380-caliber handgun wrapped in a gray T-shirt and several pieces of mail with Vue's name, including a cellphone bill. The deputies brought Vue to the front of C.V.'s home, where C.V. identified him as the man he had encountered earlier. Deputies also summoned J.W. to the scene, where he identified Vue as the man who took his Jeep.

The state charged Vue with one count of possession of a firearm by an ineligible person and one count of motor-vehicle theft. At trial, Vue stipulated that he was ineligible to possess a firearm, and the district court ruled that, if Vue testified in his own behalf, the state could impeach him with two Wisconsin felony drug convictions from 2010, but only as unspecified convictions. During direct-examination, Vue's counsel asked him about his criminal record, and Vue responded that he was a "felon in Wisconsin." He also testified that he wandered onto C.V.'s property, while walking along the shoreline at a nearby park, and he denied stealing the Jeep and possessing the handgun. On cross-examination, Vue admitted to possessing the backpack but then quickly said that he could not recall whether he brought it with him. He could not explain the handgun found in the backpack. A jury found Vue guilty of both counts.

This appeal follows.

# DECISION

## I

Vue argues that the district court erred by admitting evidence of his prior felonies because it did not adequately consider and weigh the *Jones* factors on the record. This court reviews a district court's ruling on the impeachment of a witness by prior conviction for an abuse of discretion. *State v. Hill*, 801 N.W.2d 646, 651 (Minn. 2011). A district court may admit evidence of a defendant's prior felony convictions for impeachment if "the probative value of admitting this evidence outweighs its prejudicial effect." Minn. R. Evid. 609(a)(1). In determining whether the probative value of a conviction outweighs its prejudicial effect, the district court must consider:

> (1) the impeachment value of the prior crime, (2) the date of the conviction and the defendant's subsequent history, (3) the similarity of the past crime with the charged crime (the greater the similarity, the greater the reason for not permitting use of the prior crime to impeach), (4) the importance of defendant's testimony, and (5) the centrality of the credibility issue.

*State v. Jones*, 271 N.W.2d 534, 538 (Minn. 1978).

The supreme court has held that the district court should analyze on the record whether the *Jones* factors support admission of the witness's prior convictions. *State v. Swanson*, 707 N.W.2d 645, 655 (Minn. 2006). Vue is correct that the district court's analysis here is somewhat lacking. Although the court recited the *Jones* factors, its analysis appears limited to recognizing that Vue's drug convictions were "relatively fresh" and that "he's not charged with a drug offense in this particular case." But even if the district court failed to adequately consider the factors on the record, the error is harmless if the conviction

could have been admitted after a proper analysis of the *Jones* factors. *Swanson*, 707 N.W.2d at 655–56.

*Impeachment Value*

Vue argues that his prior drug convictions have no impeachment value because they do not directly relate to truthfulness. In support of his argument, he cites opinions from this court questioning the value of drug convictions for impeaching a witness's veracity. *See, e.g.*, *State v. Norregaard*, 380 N.W.2d 549, 554 (Minn. App. 1986) (stating that "using prior drug convictions . . . to impeach an accused is not favored" because "[t]his type of conviction does not directly relate to an accused's truthfulness and honesty"), *aff'd as modified*, 384 N.W.2d 449 (Minn. 1986). But the supreme court has made clear that "it is the general lack of respect for the law, rather than the specific nature of the conviction, that informs the fact-finder about a witness's credibility" and "*any* felony conviction is probative of a witness's credibility, and the mere fact that a witness is a convicted felon holds impeachment value." *Hill*, 801 N.W.2d at 652. Vue's felony drug convictions have impeachment value, and this factor supports admission.

*Date of Conviction and Subsequent History*

Both of Vue's drug convictions occurred in 2010 and were within ten years of the charged crimes. *See* Minn. R. Evid. 609(b). Vue concedes that this factor supports admission.

*Similarity of Prior Conviction with Charged Crime*

If a prior conviction is similar to a charged crime, a danger arises that the jury will use the prior-conviction evidence substantively rather than for impeachment. *State v.*

*Bettin*, 295 N.W.2d 542, 546 (Minn. 1980). In other words, "The more similar the alleged offense and the crime underlying a past conviction, the more likely it is that the conviction is more prejudicial than probative." *Swanson*, 707 N.W.2d at 655 (citation omitted).

Although Vue concedes that the drug convictions are not similar to the charged offenses, he nevertheless maintains that this factor weighs against admission because the convictions were *not* specified. Vue argues that because the jurors were not told the convictions were for drug crimes, they were free to speculate that the convictions were similar to the charged offenses. The supreme court has stated that "the decision about what details, if any, to disclose about the conviction at the time of impeachment is a decision that remains within the sound discretion of the district court." *Hill*, 801 N.W.2d at 652. And because an unspecified conviction is not clearly similar to the charged offenses—which is the specific danger that this factor is designed to address—this factor weighs in favor of admission. *Cf. State v. Griffin*, 846 N.W.2d 93, 104 (Minn. App. 2014) (rejecting claim that district court's admission of "evidence of an unspecified felony, along with two other identified felonies, allowed the jury to 'assume the worst' regarding the nature of the unspecified conviction"), *review denied* (Minn. Aug. 5, 2014).

### *Importance of Defendant's Testimony and Centrality of Credibility Issue*

Minnesota caselaw recognizes that "[i]f credibility is a central issue in the case, the fourth and fifth *Jones* factors weigh in favor of admission of the prior convictions." *Swanson*, 707 N.W.2d at 655. Vue argues that, while his credibility was important, it was not central to the case. In support of his position he cites *State v. Bettin*, in which the supreme court noted that credibility is central to the case "if the issue for the jury narrows

to a choice between defendant's credibility and that of one other person." 295 N.W.2d at 546. Vue reads the *Bettin* court's statement literally to conclude that his credibility was not central because his testimony contradicted *multiple* other witnesses, not just one person. But nothing in *Bettin* or logic supports Vue's conclusion. And caselaw shows that the fifth *Jones* factor has not been applied so narrowly. *See, e.g.*, *State v. Williams*, 771 N.W.2d 514, 520 (Minn. 2009) (finding district court did not abuse its discretion when applying the fifth factor because "the identity of the perpetrator was a central issue at trial in which appellant's testimony would have contradicted the other *witnesses*" (emphasis added)); *State v. Pendleton*, 725 N.W.2d 717, 729 (Minn. 2007) (finding credibility issue to be critical because defendant's "'wrong place, wrong time' defense contradict[ed] the consistent story of the state's *witnesses*" (emphasis added)); *Swanson*, 707 N.W.2d at 655–56 (concluding that credibility was a central issue because "[t]he jury had to determine whether to believe Swanson or to believe House and Hansen").

Vue denied stealing the Jeep and possessing the handgun. His defense depended on the jury believing his testimony over the state's witnesses, making his credibility the central issue of the case. The fourth and fifth *Jones* factors therefore support admission. Because all of the *Jones* factors weigh in favor of admission, the district court did not abuse its discretion by admitting evidence of Vue's prior drug convictions.

## II

Vue suggests that the district court erred by not sua sponte instructing the jury about the proper use of the impeachment evidence immediately after it was introduced. Because Vue did not object to the lack of a contemporaneous instruction, our review is limited to

7

plain error. *State v. Kuhlmann*, 806 N.W.2d 844, 852 (Minn. 2011). The plain-error standard requires the defendant to show: (1) an error; (2) that is plain; and (3) that affected his substantial rights. *State v. Matthews*, 779 N.W.2d 543, 548 (Minn. 2010). "An error is plain if it is clear and obvious; usually this means an error that violates or contradicts case law, a rule, or an applicable standard of conduct." *Id.* at 549. To affect the defendant's substantial rights, the error must be prejudicial and affect the outcome of the case. *Kuhlmann*, 806 N.W.2d at 853.

The supreme court has held that a district court does not plainly err by not giving a limiting instruction sua sponte when prior-conviction evidence is admitted for impeachment. *State v. Taylor*, 869 N.W.2d 1, 18 (Minn. 2015). Vue therefore is not entitled to relief because the district court did not give a limiting instruction sua sponte when the prior-conviction evidence was admitted.

Vue also faults the district court for the language of its final cautionary instruction to the jury—that it could "consider whether the kind of crime committed indicates the likelihood that the witness is telling or not telling the truth." Because Vue did not object to the instruction, the plain-error standard applies. *Matthews*, 779 N.W.2d at 548. "While district courts have broad discretion to formulate appropriate jury instructions, a district court abuses its discretion if the jury instructions confuse, mislead, or materially misstate the law." *Taylor*, 869 N.W.2d at 14–15 (quotation omitted). Vue is correct that this aspect of the instruction was illogical given that the convictions were unspecified. But Vue fails to meet his heavy burden of proving that any error affected his substantial rights. *State v. Wenthe*, 865 N.W.2d 293, 299 (Minn. 2015), *cert. denied*, 136 S. Ct. 595 (2015). Neither

8

party objected to the instruction at trial, nor did the jury express any confusion regarding the instruction. Given the strength of the evidence against Vue, we conclude that no reasonable likelihood exists that a more accurate instruction would have changed the verdict. *State v. Gutierrez*, 667 N.W.2d 426, 434 (Minn. 2003).

**Affirmed.**