*This opinion will be unpublished and*
*may not be cited except as provided by*
*Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-1072**

State of Minnesota,
Respondent,

vs.

Dustin James Wallin,
Appellant.

**Filed December 14, 2015**
**Affirmed in part and reversed in part**
**Peterson, Judge**

Anoka County District Court
File No. 02-CR-13-8085

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Derek T. Archambault, Hawkins & Baumgartner, Anoka, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, David W. Merchant, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Smith, Presiding Judge; Peterson, Judge; and Larkin, Judge.

**U N P U B L I S H E D   O P I N I O N**

PETERSON, Judge

This appeal is from convictions of third-degree driving while impaired (DWI), obstructing a peace officer while engaged in the performance of official duties, violating the terms of a restricted driver's license, and leaving the scene of a property-damage

accident. Appellant argues that (1) the district court erred by (a) accepting a stipulation to an element of the DWI offense without obtaining appellant's personal waiver, and (b) instructing the jury on appellant's right not to testify without first obtaining his personal consent to give the instruction; (2) defense counsel improperly conceded appellant's guilt; and (3) the evidence is insufficient to support the conviction for violating a driver's-license restriction. We affirm in part and reverse in part.

## FACTS

At about 6:30 p.m. on November 22, 2013, S.X. was driving his car northbound on Round Lake Boulevard. As he slowed down to turn right onto Bunker Lake Boulevard, a U-Haul truck rear-ended his car. The U-Haul did not stop.

At about the same time, M.D. was driving her SUV northbound on Round Lake Boulevard about four blocks away from Bunker Lake Boulevard. She heard a loud noise and felt a thud and realized that her SUV had been hit. A U-Haul truck was passing her SUV on the right side. M.D. called 911 and followed the U-Haul until it stopped in a traffic lane about three blocks away.

Anoka County Deputy Sheriff Kevin Ivory responded to the scene. The U-Haul driver, later identified as appellant Dustin James Wallin, did not respond to Ivory's repeated requests to identify himself. Ivory smelled alcohol on Wallin's breath and noted that his eyes were glassy and watery. Paramedics and deputy sheriffs Anne Bluml and Troy Edmund also responded to the scene. Bluml smelled a very strong odor of alcohol coming from Wallin and described him as having very poor coordination and walking unsteadily. After Wallin was cleared medically, he was uncooperative about leaving the

2

ambulance and had to be forcibly escorted to a squad car. Wallin resisted being handcuffed and then tensed up and refused to enter the squad car. Edmund tased Wallin in the abdomen three times to get him to bend at the waist so that he could be placed in the squad car. Edmund smelled a strong odor of alcohol coming from Wallin.

The officers did not ask Wallin to submit to a portable breath test or perform any field sobriety testing. Bluml was concerned that Wallin would become aggressive and combative. A driver's-license check showed that Wallin's license had a restriction that required the use of an ignition interlock device. The U-Haul was not equipped with an ignition interlock.

A jury found Wallin guilty of third-degree DWI, obstructing legal process, violating the terms of a restricted driver's license, and leaving the scene of a property-damage accident. The district court sentenced Wallin on the third-degree DWI and obstruction offenses. This appeal followed.

**D E C I S I O N**

**I.**

*Accepting stipulation without obtaining personal waiver*

A criminal defendant has the constitutional right to a jury trial for any offense punishable by incarceration. U.S. Const. amend. VI; Minn. Const. art. I, § 6.

> This right includes the right to be tried before a jury on every element of the charged offense. But a defendant may waive the right to a jury trial on any element of an offense by stipulation. However, because the right to a jury trial is a fundamental right, waiver of this right must be personal, explicit, and in accordance with rule 26.01.

*State v. Fluker*, 781 N.W.2d 397, 400 (Minn. App. 2010) (citations and quotation omitted); *see* Minn. R. Crim. P. 26.01, subd. 1(2)(a) ("The defendant, with the approval of the court may waive a jury trial on the issue of guilt provided the defendant does so personally, in writing or orally on the record in open court, after being advised by the court of the right to trial by jury and after having had an opportunity to consult with counsel.").

During a pretrial hearing, defense counsel indicated that Wallin wanted to stipulate to a prior qualified impaired-driving incident, which was an element of the enhanced gross-misdemeanor DWI charge. After all parties discussed the stipulation, the following exchange between the district court and Wallin occurred:

> The court: Okay. Then the second issue is you have a prior conviction for DWI; true?
> Wallin: Yes, Your Honor.
> The court: And a companion implied consent case, which is a civil case, to revoke your license; correct?
> Wallin: Yes, Your Honor.
> The court: And you are stipulating, agreeing today that that's going to come in and that's going to be the basis for the aggravating factor?
> Wallin: Yes, Your Honor.
> The court: So that is an element the State does not have to prove; true?
> Wallin: Yes, Your Honor.
> The court: Okay, in other words, sir, you are entitled to have a trial on that issue. You are entitled to have a trial as to whether or not you have that prior charge that serves as an aggravating factor. But if you go forward in this matter today, you would be waiving your right to have a trial on that issue. You are going to have one on everything else, but you are not going to have a trial on that issue. Understand that?
> Wallin: Yes, Your Honor.
> The court: And you had an opportunity to talk to your attorney . . . about that; true?

4

> Wallin: Yes, Your Honor.
> . . .
> The court: And is that what you want to do today?
> Wallin: Yes, Your Honor.

Wallin also signed a written waiver of his right to have a jury determine the presence of the aggravating factor on the third-degree DWI charge. But the parties agree that, because neither the on-the-record discussion nor the written waiver expressly waived Wallin's individual trial rights, the waivers were inadequate, and the district court erred by accepting the stipulation without obtaining Wallin's personal waiver.

Because Wallin did not object to the stipulation during trial, the plain-error standard of review applies to this acknowledged error. *State v. Kuhlman,* 806 N.W.2d 844, 852 (Minn. 2011).

> Under plain-error analysis, [the defendant] must show that: (1) there was error; (2) that was plain; and (3) his substantial rights were affected. . . . If these three prongs are met, the reviewing court then assesses whether it should address the error to ensure the fairness and integrity of the judicial proceedings.

*State v. Brown,* 815 N.W.2d 609, 620 (Minn.2012) (quotations and citations omitted).

Wallin was present when the stipulation was discussed on the record, and he agreed to it. It was undisputed that within the preceding ten years, he had a prior conviction for a DWI and an implied-consent driver's-license revocation. Those facts are objective and easily confirmed by judicial records. Wallin notes that the written stipulation does not say why his license was revoked in 2012. But on the record, the district court stated, and Wallin confirmed, that he had a DWI and that there was a companion implied-consent proceeding to revoke his license. Finally, Wallin benefitted

from the stipulation by not having the facts about the prior offense presented to the jury. Wallin has not shown that his substantial rights were affected when the district court accepted the stipulation without obtaining his personal waiver of the right to trial by jury. *See Fluker*, 781 N.W.2d at 402-03 (concluding that district court's failure to obtain the defendant's personal jury-trial waiver was harmless error when evidence of the prior conviction was potentially inflammatory, the stipulated elements were highly objective and readily confirmed by public judicial records, and the defendant was present and did not object when the stipulation was read into the record and referred to during trial).

*Instructing jury on defendant's right not to testify without obtaining personal consent*

"[A]t the defendant's own request and not otherwise, [the defendant shall] be allowed to testify; but failure to testify shall not create any presumption against the defendant, nor shall it be alluded to by the prosecuting attorney or by the [district] court." Minn. Stat. § 611.11 (2014). Due to concerns about calling a defendant's silence to the jury's attention, a district court ordinarily should not give a no-adverse-inference jury instruction without first obtaining the defendant's personal consent. *McCollum v. State*, 640 N.W.2d 610, 617 (Minn. 2002).

The district court instructed the jury that "[t]he defendant has the right not to testify. This right is guaranteed by the federal and state constitution[s]. You should not draw any inference from the fact that the defendant has not testified in this case." Wallin did not request the no-adverse-inference instruction, and the state concedes that the district court erred in giving the instruction without obtaining Wallin's personal consent.

6

But Wallin did not object to the erroneous instruction, and an unobjected-to jury instruction is subject to plain-error analysis. *State v. Baird,* 654 N.W.2d 105, 113 (Minn. 2002). A defendant who fails to object to a no-adverse-inference instruction "bears a heavy burden of showing that substantial rights have been affected, and absent a showing of prejudice, the instruction is harmless." *State v. Davis*, 820 N.W.2d 525, 538 (Minn. 2012) (quotations omitted). "Substantial rights are affected if there is a reasonable likelihood that giving the instruction in question had a significant effect on the jury verdict." *Id*. at 537-38 (quotation omitted).

Wallin was involved in two crashes within a few blocks of each other and continued driving after each crash. When he stopped a few blocks after the second crash, he stopped in a traffic lane. Many witnesses testified that Wallin exhibited indicia of intoxication, including poor coordination and an unsteady gait; a strong odor of alcohol; bloodshot, watery, and glassy eyes; and belligerence. In light of the overwhelming evidence that Wallin was intoxicated while he drove the U-Haul, continued driving after both crashes, and was uncooperative with police officers, there is not a reasonable likelihood that giving the no-adverse-inference instruction had a significant effect on the jury's verdict.

**II.**

To prevail on a claim of ineffective assistance of counsel, a defendant must show "(1) that his counsel's representation 'fell below an objective standard of reasonableness'; and (2) 'there is a reasonable probability that, but for counsel's

7

unprofessional errors, the result of the proceeding would have been different.'" *Nissalke v. State,* 861 N.W.2d 88, 94 (Minn. 2015) (quoting *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064, 2068 (1984)).  The supreme court has "held that, when counsel for a defendant admits a defendant's guilt without the defendant's consent, the counsel's performance is deficient and prejudice is presumed.  That is so because the decision to concede a defendant's guilt is the defendant's decision alone to make." *State v. Jorgensen*, 660 N.W.2d 127, 132 (Minn. 2003) (citations omitted).

  At the end of closing argument, defense counsel stated:

> You [know], I told you this isn't going to be a pleasant job. This is the job we give you today.  Is this good enough?  In the United States of America court system, when our proof is beyond a reasonable doubt, when the evidence is there, the threshold is clear .08, the evidence is available, and it is not even asked.  Is that good enough for you?
>
> On the counts that the officers investigated, we encourage you to return a guilty verdict.  But on the ones that they chose to turn a blind eye and not look for this evidence, ask yourself is that good enough.  If you don't think that's good enough, I would ask you to return a not guilty verdict.

Read as a whole, the gist of the argument is that the investigation was inadequate because the police did not get evidence that was available and necessary to convict Wallin.  Wallin's argument that defense counsel conceded guilt seems to assume that defense counsel suggested that there were counts for which the investigation was adequate, but defense counsel did not say that.  Although the argument to which Wallin objects was made in the context of the DWI charge, defense counsel did not identify any charge as having been adequately investigated.  Instead, defense counsel stated that the

jury should convict only if there was a count that was properly investigated. Defense counsel's argument left it to the jury to decide if any count had been adequately investigated and, therefore, was not an admission of Wallin's guilt to any charge. *Cf. Dukes v. State*, 621 N.W.2d 246, 252-53 (Minn. 2001) (remanding for new trial when defense counsel acknowledged defendant's guilt to aiding and abetting attempted aggravated robbery in attempt to avoid first-degree murder conviction); *State v. Moore*, 458 N.W.2d 90, 97 (Minn. 1990) (granting new trial when defendant testified that he accidentally shot the victim, but defense counsel conceded in closing argument that defendant committed an intentional heat-of-passion crime).

### III.

The state concedes that, because the record contains no evidence of willfulness, the evidence was insufficient to support Wallin's conviction of violating a driver's-license restriction. We reverse that conviction and, therefore, we need not address Wallin's argument that the district court erred in instructing the jury on the elements of that offense.

**Affirmed in part and reversed in part.**